## JAMES W. HIPPLE, Executor, &c.

### *v.*

## EMMA DE PUIE.

1. PRACTICE—*when to object to competency of a witness.* The objection that a witness is not competent, when not made in the court below, can not be availed of in the appellate court.

2. TROVER—*what constitutes a conversion.* Where a landlord took forcible possession of the demised premises, from which he removed the goods of the tenant, and then refused to permit the tenant to take them away, that was held to be a conversion of the goods by the landlord, and the tenant might maintain trover therefor.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of trover, brought in the court below by Emma E. De Puie, against James W. Hipple, executor of Gideon L. Becker, deceased.

It appears that the plaintiff, in the year 1866, was carrying on the business of the manufacture of wheelbarrows, in the city of Chicago, in premises owned by Becker, the· testator, and which she was occupying as his tenant.

The landlord took possession of the premises, and of some of the property of the plaintiff, under the circumstances and in the manner detailed in the testimony of the plaintiff, which was as follows : In the year 1866 I owned a wheelbarrow shop in the city of Chicago, at numbers 42 and 44 Canal street, in premises which I occupied as tenant of Becker. The last three weeks I occupied the shop, it was closed, and I had advertised the business for sale. After stating what articles were in the shop, the witness, said, the property was last in the shop on the 2d of March, 1866. I was in possession at that time, and had the key of the shop. On that day the things were thrown out of the shop under the direction of Hipple, who was acting as the agent of Becker, the landlord.

I saw them throwing the things out. I asked Hipple what he was doing, and he replied they were taking possession, or had taken possession, or were going to take possession. I then offered to pay the rent to the first of May, but Hipple refused to receive it. A few days after, I went to take away the property which had been left there, and Hipple told me not to touch it, and said it belonged to Becker.

These were the circumstances, substantially, according to the plaintiff's statement, under which the property was withheld from her, and for this alleged conversion this action was brought.

The trial resulted in a verdict and judgment for the plaintiff, and the defendant appealed.

Mr. S. K. Dow, for the appellant.

Mr. OBADIAH JACKSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The counsel for appellant makes but two points in his brief: First, that the plaintiff was not a competent witness under the statute ; and, Second, that there was no evidence of a conversion. In regard to the first, it need only be said that the question of plaintiff's competency as a witness was not raised in the court below ; and as to the second, the plaintiff swore to facts amounting to a conversion, and the jury thought proper to believe her.

*Judgment affirmed.*