## Nicholas J. Becker and Peter H. Becker v. Henry A. Foster, Adm'r.

1. WITNESS—*Competency of Waived.*—A party may waive the question as to the competency of a witness to testify against him by putting such witness upon the stand as his own witness, or by making no objection when he is called as a witness by the adverse party.

2. APPELLATE COURT PRACTICE—*Assignment of Errors.*—An error not assigned can not be considered by the Appellate Court.

Trespass on the Case.—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

ALNOLD TRIPP, attorney for appellants.

J. WARREN PEASE, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF
THE COURT.

This is an action by the appellee for damages for the
death of Adam Mueller, of whom the appellee is adminis-
trator, caused, as is alleged, by the negligence of the appel-
lants.

· The action was commenced against Jacob Becker, father
of the appellants, and after more than two years had passed
since the injury to the deceased, these appellants were
brought into the case as defendants by amendment. They
pleaded the statute of limitations, to which the appellee re-
plied fraudulent concealment of the cause of action, but we
find it unnecessary to comment upon that part of the case.
It is not assigned as error that the replication is insufficient
to support the judgment, and we will not discuss whether
the replication is proved.

The appellee called the appellant Nicholas as a witness,
and he testified. · When the appellants were putting in their
defense, they put him upon the stand as a witness and he
testified, without objection by the appellee, to his compe-
tency. But to several questions to him, material to the
defense, the appellee objected, and the objections being sus-
tained, the appellants excepted. The · brief of the appel-
lants, and the assignment of errors, question the act of the
court in sustaining such objections, and the only justifica-
tion offered by the appellee is that Nicholas was not a com-
petent witness, as the suit was against him by an adminis-
trator, citing Sec. 2, Ch. 51, R. S., "Evidence."

The general question of his competency does not arise on
this record. The appellee waived it by putting him on as a
witness for the appellee, as well as by making no objection
when he was called as a witness for the appellants. 1
Greenl. Ev., Sec. 421; 2 Ph. Ev., Cowen & Hill's Ed., 872;
Hipple v. De Puie, 51 Ill. 528; Doty v. Doty, 159 Ill. 46.

For the error in sustaining such objections the judgment
is reversed and cause remanded.