## IN RE WILL OF HOPPE.

*January 13 — January 31, 1899.*

*Wills: Heir as subscribing witness: Evidence: Transactions with person since deceased.*

1. An heir of a testator, for whom no provision is made in the will, is a competent subscribing witness thereto.
2. An heir of a testator, if not provided for in the will, is a party adverse to the proponents in the probate proceedings, and is not incompetent under sec. 4069, R. S. 1878, to testify on behalf of such proponents to transactions by him personally with the deceased.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Probate of the will was opposed on the ground of lack of testamentary capacity and for undue influence. One of the witnesses to the will was a son and heir of the deceased, to whom no bequest or devise was made therein. He was objected to as not a competent witness. The other subscribing witness, without objection, testified to all the material elements of the execution of the will. The circuit court found existence of testamentary capacity and absence of

undue influence, and admitted the will to probate, from which judgment this appeal is brought.

For the appellants there was a brief by *Malone & Bachhuber*, and oral argument by *J. E. Malone.* They contended, *inter alia*, that the will was not executed as required by sec. 2282, Stats. 1898, not being attested by two or more *competent* witnesses. The son was disqualified from testifying to transactions or communications with his father. *In re Valentine's Will*, 93 Wis. 45; *Georke v. Georke*, 80 Wis. 516; *Will of Silverthorn*, 68 Wis. 372; *Holcomb v. Holcomb*, 95 N. Y. 316; *Matter of Bernsee*, 141 N. Y. 389.

For the respondent there was a brief by *Harlow Pease* and *C. R. Blumenfeld*, and oral argument by *Mr. Pease.*

Dodge, J. 1. William Hoppe, the son, to whom no bequest was made, was a competent subscribing witness. Secs. 2284, 2285, R. S. 1878, evidently contemplate attestation of wills by heirs and others interested in the estate, provided they are not beneficiaries under the will in excess of their rights independent of it. Beneficial interest under the will is the test. *In re Lyon's Will*, 96 Wis. 339.

He was not incompetent under sec. 4069. True, he was a party. The legatees and devisees are parties on the one side, and the heirs at law the parties on the other side, in probate proceedings. *In re Valentine's Will*, 93 Wis. 45, 51, quoting *Hall v. Allen*, 31 Wis. 691. He was, however, called by the proponents of the will — the adverse parties, — the only ones who had any right to object to his competency. It is always in the discretion of the adverse party to waive the protection afforded by sec. 4069, either by refraining from objection, or by offering testimony of another witness; and he may equally waive it by calling his opponent and examining him as a witness to personal transactions. *Becker v. Foster*, 64 Ill. App. 192; *Taylor v. Ainsworth*, 49 Neb. 696.

2. The finding of the court, either as to mental compe-

tency, or as to absence of undue influence, is not against the preponderance of the evidence. Even should the testimony of the son William Hoppe be not considered, there would remain sufficient evidence to support the findings.

The taxable costs of both parties should be paid out of the estate.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.