## Robert D. Adams

*v.*

## John S. Adams.

*Opinion filed October 16, 1899.*

Evidence—*when presumption of ownership from possession of personal
property is not sustained.* Mere possession by an owner of personal
property received from his mother is insufficient to establish his
ownership and entitle him to the property in his own right as
against her heirs-at-law, where he does not claim under a sale, gift
or loan, and there is evidence tending to prove that he acted as
his mother's agent.

*Adams* v. *Adams,* 81 Ill. App. 637, affirmed.

Appeal from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit
Court of Lee county; the Hon. James S. Baume, Judge,
presiding.

Morrison, Bethea & Dixon, for appellant.

A. C. Bardwell, and Barge & Barge, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is a petition to the June term, 1897, of the county
court of Lee county, by John S. Adams, as one of the
children and heirs-at-law of his mother, Amanda M. B.
Adams, deceased, under sections 81 and 82 of the Admin-

istration act, to compel Robert D. Adams, his brother, to transfer to the administrator of the estate of their mother certain moneys and securities held by him, amounting to about $10,000, alleged to have belonged to her at the time of her death.

Mrs. Adams, a widow, died intestate on the 28th day of May, 1897, leaving her sons, Waldo, Robert D. and John S., and an adopted daughter, Maud Adams, her only heirs-at-law. At the time of her death she was about seventy years old. For several years before January 1, 1895, one J. C. Ayres had conducted her business affairs, loaned money for her and collected the interest. Some time prior to November 5, 1894, she had nearly her whole personal estate invested in two mortgages, one of $8000 and the other of about $1600. In October of that year she informed Ayres she was tired of the irregularity of the payment of interest on the $8000 loan, and desired to have it collected. Ayres thereupon proceeded to make the collection, and on November 5, following, the sum of $8164.71 was collected by him. On the day the money was received by him he deposited $6000 to her credit in the bank, and four days later $2000 more. On January 4, 1895, he collected the other loan, amounting, with interest, to $1758.12, which he held for the time, subject to her order. Mrs. Adams told Ayres at their meeting in October, 1894, that as her health was poor she would send her son, the appellant, to see about the collections from time to time. On December 24, 1894, Mrs. Adams gave appellant a check for $8000, and on January 7, following, he loaned it to one Rosenthal, taking the note and mortgage in his own name, and at the same time drawing the money from the bank on the check from his mother. On January 15, 1895, Ayres gave appellant his check for $1600, and on January 29, following, his check for $62.25, of the funds held by him to the credit of Mrs. Adams. On the 17th of that month appellant presented the check of Mrs. Adams for $1600 to the bank and took

a certificate of deposit for $1500 to his own order. After her death letters of administration on her estate were taken out. The administrator filed an inventory, showing that all the property she owned at the time of her death was a lot in the city of Dixon, valued at $500, and household furniture of the value of $150. The object of the petition in this cause was to compel appellant to turn over the money, notes and mortgages received by him from the fund collected by Ayres, to the estate of his mother. Appellant answered the petition, denying that he had such money, notes and securities belonging to his mother at the time of her death.

The cause was heard first in the county court and afterwards in the circuit court. Upon the hearing appellant offered no evidence on behalf of himself. The finding of the circuit court was for the petitioner, ordering respondent to turn over to the administrator, among other things, a mortgage for $8000, and the sum of $1662.25 in cash, as the property of the deceased. This order was affirmed by the judgment of the Appellate Court for the Second District, where the cause was taken on appeal. Robert D. Adams, appellant, now appeals to this court.

As we read the evidence and the arguments of counsel in this case but a single question arises,—that is, whether the mere possession of the assets by appellant at the time of his mother's death, under the evidence in this case, is sufficient to establish his ownership and entitle him to the property in his own individual right. His sole reliance is upon the presumption of law that possession of personal property is *prima facie* evidence of ownership. There is no claim or pretense that the money did not belong to the deceased at the time it was collected by Ayres, her agent, and paid over to the bank to her credit. From the evidence there appears to be no ground for an inference that she made a gift of the money to appellant, nor does he make this claim. He does not claim that he paid his mother any consideration

for the money. By his answer he negatives the presumption that it was a loan to him. On the other hand, the evidence strongly tends to prove that he, in drawing out the money and re-loaning it, acted as the agent of his mother. From the evidence introduced the conclusion is irresistible that the courts below were abundantly justified in holding that the *prima facie* presumption of ownership was overcome, and that appellant's possession was not as owner of the property, but as agent for the owner.

We agree fully with the Appellate Court that the case of *Martin* v. *Martin*, 174 Ill. 371, cited and relied upon by appellant, has no bearing upon the issue here. In that case the person holding the property in dispute did not rely upon mere possession as her evidence of ownership, but upon proof which clearly showed that she was put in possession of the property as the owner, and not in any sense as an agent or in any other capacity than that of owner.

It is urged that the county court was without jurisdiction to determine this matter, because there was no evidence sufficient to establish a trust relation between appellant and his mother. On that question we see no ground for reasonable controversy. The Appellate Court held that such a relation did exist, and we are satisfied the evidence warrants the finding. The cause is one provided for by the sections of the statute before referred to, and the county court exercised its reasonable equitable jurisdiction in the matter.

From a careful consideration of the evidence and this whole record we have no hesitancy in saying the judgment of the Appellate Court is correct, and its judgment will be affirmed.                    *Judgment affirmed.*