# J. B. Bertolet, Administrator, Appellant, v. Callie White Stoner, Appellee.

## Gen. No. 5516.

1. WITNESSES—*when party in interest competent.* If the adverse party suing in a representative capacity call a party in interest and interrogate him and he is cross-examined as to matters touched upon in the direct examination, testimony of such party in interest so given is competent and cannot thereafter be objected to especially in the absence of any objection having been preserved.

2. ADMINISTRATION OF ESTATES—*section 81 of act construed.* Under this section the court has power upon the surrender of property to proceed and determine without resort to another action the title to such property.

3. BANKS—*effect of certificate of deposit.* A certificate of deposit payable to the order of the depositor is in law and in fact a promissory note.

4. GIFTS—*when of certificate of deposit complete.* The delivery of a certificate of deposit without endorsement completes a gift thereof.

Appeal from the Circuit Court of Ogle county; the HON. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1911. Reversed. Opinion filed October 13, 1911.

**Statement by the Court.** In April, 1908, Ann Mortimer received $2000, the proceeds of a policy of life insurance on the life of her son who died in January and who was to have been married to Callie White (sometimes called Caroline) in March. Mrs. Mortimer deposited the money in the Leaf River State Bank and took a certificate of deposit, ''Payable to the order of herself or Miss Callie White.'' In the following October this certificate was returned to the bank endorsed by Caroline White, and a new certificate was issued for $2000 payable the same as the first. In April, 1909, this certificate was surrendered to the bank endorsed ''Mrs. Ann Mortimer, Callie M. White,'' and two certificates were issued, one for $1000, payable

to the order of Callie White, and one reciting that Mrs.
Ann Mortimer had deposited $1000 "payable to the
order of herself or Callie White." In October, 1909,
the first certificate endorsed by Miss White was sur-
rendered and a new one issued payable to Callie White
and the other certificate endorsed by Mrs. Mortimer
was surrendered and a new one issued payable to the
order of Mrs. Mortimer, or Callie White. These cer-
tificates all bore interest at three per cent if left six
months and none after that period. Mrs. Mortimer
died and J. B. Bertolet was appointed her adminis-
trator. Callie White, whose name had become Stoner,
being in possession of the certificate "payable to the
order of Mrs. Mortimer or Callie White," the adminis-
trator filed a petition requesting that she be cited into
the Probate Court under section 81 of the Administra-
tion Act to obtain from her said certificate. Callie
White Stoner took an appeal from the order of the
Probate Court which directed the certificate to be de-
livered to the administrator, to the Circuit Court, and
on a hearing in that court, it found that the certificate
dated Oct. 21, 1909, for $1000 payable to Mrs. Ann Mor-
timer or Callie White was at the time of the death of
Ann Mortimer the property of Ann Mortimer, and that
there was a contract between Ann Mortimer and Callie
White Stoner that the proceeds of said certificate were
to be the property of Callie White Stoner on the death
of Ann Mortimer in consideration of Callie White
Stoner taking care of Ann Mortimer during her life-
time; that Callie White Stoner did care for Ann Mor-
timer during her lifetime in accordance with such
agreement and that Callie White Stoner became enti-
tled to the proceeds of said certificate as a seventh class
claim against the estate of Ann Mortimer and ordered
that Callie White Stoner deliver to the administrator
said certificate payable to the order of Ann Mortimer
or Callie White Stoner, and that so much of the pro-
ceeds of said certificate as shall not be needed for the

payment of claims against said estate prior to seventh class claims shall be delivered by the administrator to Callie White Stoner.

The administrator appeals and assigns errors upon the order of the circuit court, and Callie White Stoner assigns cross errors.

BAXTER & WIRICK, for appellant.

J. C. SEYSTER, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

On the hearing in the circuit court Callie White Stoner was a witness examined by counsel for the administrator, and in response to questions asked by him testified that Ann Mortimer was 76 years of age and had lived with Mrs. Stoner the two years prior to her death; that there was a contract between Mrs. Mortimer and Callie White Stoner by which Mrs. Stoner was to care for Mrs. Mortimer as long as she lived, pay her funeral expenses when she died and have what she possessed, and that she did take good care of Mrs. Mortimer as long as she lived and gave in detail the history of the surrender and renewal of the various certificates of deposit.    On cross-examination she testified that when the certificate of October 21, payable to the order of Ann Mortimer or Callie White, was issued Mrs. Mortimer was sick and sent the witness to get the certificate renewed; that she took the certificate home and gave it to Mrs. Mortimer and the latter kept it until the day before she died and then gave it to the witness and told her to keep it and she had it ever since and that she had paid Mrs. Mortimer's funeral expenses, all her doctor bills, and for her care and put a marker at her grave, all out of her, Callie White Stoner's, own money.    She testified that she was to

have the money deposited in the bank for keeping Mrs. Mortimer and that Mrs. Mortimer delivered the certificate to her before she died.

Appellant argues that Callie White Stoner, appellee, was an incompetent witness to testify to any of the matters testified to by her. She was an incompetent witness in her own behalf but she was called and examined by the adverse party, the administrator. Section 2 of the Evidence Act makes her a competent witness when so called. The examination in chief by the administrator covered every phase of the case and the cross-examination did not inquire about anything that was not asked by the administrator. Moreover there is not an objection of any kind by either party during the entire examination, neither is there any assignment of error concerning the admission or rejection of evidence. The witness was a competent witness when called by the administrator, but if she had not been, the record does not save any question for review concerning the evidence. The evidence of the witness having been introduced by appellant, who must have known of her incompetency in her own behalf, and that he alone could require her to testify, he may not now complain of his own act in making her a general witness. 3 Encyc. of Ev. 75; Hipple Exr. v. De Puie, 51 Ill. 528; Doty v. Doty, 159 Ill. 46. The evidence of this witness is substantially all there is on the subject, and appearing to be fair and credible, may not be disregarded by the court without some apparent cause.

The appellant also contends that the court had no right to try the title to the certificate of deposit on the return to the citation, but that it had the right to take the certificate from the appellee and give it to the appellant, and that the court erred in finding there was a contract by which appellee was to have said certificate for the care of the intestate, and in not finding that the administrator was entitled to said certificate free from any claim of appellee; while the appellee has filed cross

errors and contends that the court erred in ordering the certificate delivered to the administrator.

Section 81 of the Administration Act gives a speedy and an inexpensive mode of finding and recovering the assets of an estate from parties who may have possession of assets or property belonging to it. The title to property as between an estate and other parties has frequently been adjudicated under this section by the county court, and the rights of the parties thereto fully disposed of without having to resort to any other action. Wade v. Pritchard, 69 Ill. 279; Dinsmoore v. Bressler, 164 Ill. 211; Martin v. Martin, 170 Ill. 18; Martin v. Martin, 174 Ill. 371; Adams v. Adams, 181 Ill. 210; Taylor v. Harmison, 79 Ill. App. 380; Rinard Admr. v. Lasley, 143 Ill. App. 450; Wahl v. Jacobs, 146 Ill. App. 71. The court had full and ample authority and power to hear and determine the question who owned the certificate of deposit as between the administrator and the appellee.

The evidence introduced by appellant clearly proved a contract between Mrs. Mortimer, the decedent, and appellee; that the contract had been fully performed and that Mrs. Mortimer delivered the certificate of deposit to appellee. The evidence is that appellee had the certificate renewed the last time payable to Ann Mortimer or Callie White, the same as the old certificate, that she "took it home and gave it to her (Ann Mortimer), she kept it until the day before she died and gave it to me." "She said she would not live, and told me I should keep the money, and the arrangements she wanted for her funeral and I made them." "She delivered the certificate to me and I have had possession of it ever since."

A certificate of deposit payable to the order of the depositor is in law and in fact a promissory note. Laughlin v. Marshall, 19 Ill. 390; Hunt v. Devine, 37 Ill. 137; Telford v. Patton, 144 Ill. 611; Rinard Admr. v. Lasley, 143 Ill. App. 450.

If the delivery had been a mere gift without any consideration the gift was complete and perfected by the delivery of the certificate that had been issued by the bank.    It was payable to the order of Ann Mortimer or Callie White.    If it had been payable to the order of Ann Mortimer alone the delivery of the certificate would perfect the gift without an endorsement. 4 Am. & Eng. Encyc. of Law, 194; 14 Am. & Eng. Encyc. of Law, 1029 and 1062; Rinard v. Lasley, 143 Ill. App. 450.    On the proof made by the administrator, he had no right or claim to the certificate, and the court should have discharged the appellee on the hearing in response to the citation and found that Callie White Stoner was the owner of the certificate.    The judgment is therefore reversed on cross errors at the costs of appellant to be paid in due course of administration.

*Reversed.*

Finding of fact:    We find that there was a contract between Mrs. Ann Mortimer and Callie White Stoner, which was that Mrs. Stoner was to be the owner of the certificate at the death of Mrs. Mortimer upon Mrs. Stoner caring for her and paying her funeral expenses; that Mrs. Mortimer caused the certificate to be drawn payable to the order of Ann Mortimer or Callie White Stoner and that before her death Ann Mortimer delivered the certificate to Callie White Stoner, and that Mrs. Stoner performed the contract on her part.