LILLIE B. MOONEY, Defendant in Error, *vs.* CHARLES A. VALENTYNOVICZ, Plaintiff in Error.

*Opinion filed February 21, 1914—Rehearing denied April 8, 1914.*

1. REGISTRATION OF TITLE—*party consenting to entry of decree need not be served with summons.* A defendant to an application to register title may consent, in writing, to the entry of a decree registering the title, and in such case it is not necessary that he have summons issued against him or that he have an opportunity to be heard, nor will he be permitted to appeal from such decree or assign error upon it.

2. SAME—*the written consent to entry of decree need not be acknowledged.* The written consent by a defendant to the registration of the title, as prayed in the application, need not be acknowledged in the same manner as the assent of the husband or wife of the applicant is required to be acknowledged, as such acknowledgment would only serve as proof of the genuineness of the statement and signature, and the absence of such method of proof would not preclude the chancellor from hearing other proof as to the execution of the writing.

3. SAME—*consent to registration of title may be attached to the application itself.* If a defendant to an application to register title attaches his consent to the entry of the decree to the application itself it is sufficient, and it is not material whether the statute expressly provides that the consent shall be evidenced in that manner.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

GEORGE W. WILBUR, for plaintiff in error.

GEORGE J. GILBERT, for defendant in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out by Charles A. Valentynovicz to review a decree of the circuit court of Cook county registering title to certain lands in Lillie B. Mooney, a widow. The application for the registration of title set forth, among other things, that the applicant claimed title

in fee simple to the land and that the land was then occupied by plaintiff in error as a tenant. Attached to the application, when filed, appeared the following statement, which was signed by plaintiff in error: "I hereby assent to the registration of the above described real estate as prayed for by Lillie B. Mooney (widow)." Summons was issued against the defendants named in the application, except plaintiff in error. The application was referred to one of the examiners of title, who reported, finding that at the date of the filing of the application Lillie B. Mooney was the owner in fee simple of the real estate therein described and that plaintiff in error was in possession of the same as a tenant of the applicant. No exceptions were filed to this report, and a decree was thereafter entered approving and confirming the same and adopting the findings of the examiner as the findings of the court. The decree found that plaintiff in error had filed his consent, in writing, to the entry of the decree, that Lillie B. Mooney was the owner in fee simple of the premises described in the application, and that at the time the same was filed the premises were occupied by plaintiff in error as a tenant, and ordered the registrar of titles to register the title in the manner provided by statute.

Numerous grounds are urged for reversal, the first of which is, that as no summons was issued against plaintiff in error he did not become a party to the proceedings and the court was without jurisdiction to determine his interest in the premises. Plaintiff in error seeks to evade the effect of his written assent to the entry of the decree as prayed for, by contending that this assent had no rightful place upon the application, as the form for the application, as set out in the statute, contains no such provision; and further, that if it was proper to attach the assent to the application it should have been acknowledged in the same manner as the assent of a husband or wife of the applicant is required to be acknowledged.

It is immaterial whether the statute expressly provides for the attachment of the assent of any party defendant to the entry of a decree to the application itself. It is always permissible for a defendant to file his written consent to the entry of a decree, and when the same is acted upon by the court it is binding upon him. An acknowledgment of the written consent in the manner in which deeds are acknowledged would only serve as proof of the genuineness of the written statement and the signature thereto, and the absence of this particular method of proof would not preclude the chancellor from hearing other proof as to the execution of the writing. The decree contains a specific finding that plaintiff in error filed his consent, in writing, to the entry of the decree. Having given this consent it was not necessary that plaintiff in error should have summons issued against him or that he be given any opportunity to defend against the application, nor will he be permitted thereafter to appeal from such decree or assign error upon it. "Parties who are competent to contract may agree to the rendition of a decree in respect to any rights which may be the subject of litigation. Such a decree is not, in a strict legal sense, a judicial sentence, but it is in the nature of a solemn contract, (5 Ency. of Pl. & Pr. 961,) and it cannot be appealed from, nor can error be assigned upon it, for the reason that if there be error in it the error is that of the parties and not of the court. The decree not being the judgment of the court, a rehearing cannot be allowed, and it cannot be set aside upon a bill of review for errors of law apparent on its face or be impeached by such bill on account of additional evidence. It can only be impeached by an original bill in the nature of a bill of review." *Krieger* v. *Krieger,* 221 Ill. 479.

This being a consent decree as to plaintiff in error, the errors assigned cannot be considered.

The decree of the circuit court is affirmed.

*Decree affirmed.*