**Edward S. Merrill, Administrator, Appellant, v. William Merrill, Appellee.**

**Gen. No. 5,889.**

1. APPEAL AND ERROR, § 1272*—*when exceptions to master's report presumed filed.* Where the record is not certified to be complete, the Appellate Court may assume that exceptions to the master's report were filed though the record does not contain the same, where the final order recites that the case was heard upon exceptions filed to the report and that they were all overruled.

2. WITNESSES, § 232*—*when may testify to conversation on cross-examination.* If a part of a conversation has been given in direct testimony, the remainder, so far as it is relevant, may be called out by cross-examination.

3. GIFTS, § 22*—*when evidence insufficient to show procurement by undue influence and fraud.* A bill filed by an administrator of an intestate to compel an heir to turn over the proceeds of a certificate of deposit, and to turn over various other notes and certificates of deposits, on the ground that defendant had exercised

---

fraudulent practices over the intestate while she was in feeble mind to procure the same as a gift, *held* not supported by the evidence.

4. GIFTS, § 15*—*when not defeated by noncompliance with conditions.* Where a certificate of deposit was delivered to a donee with the request not to cash the same at the bank for a certain time so that the donor might be entitled to the interest, *held* that the fact that the donee cashed it before such time did not defeat the gift, where the donor was paid the interest and it appeared that she had full knowledge thereof and did not question the gift up to the time of her death.

5. GIFTS, § 29*—*evidence of gift of certificate of deposit.* A donee's possession of a certificate of deposit and his claim of ownership is proof tending to show that it had been duly delivered to him and that he owned it, and this is true though it was not indorsed.

6. APPEAL AND ERROR, § 1506*—*when party cannot complain of failure of master to certify questions refused answer by witness.* Where on a reference to a master a witness refused on cross-examination to answer certain questions and the cross-examining party demanded that they be certified to the court for action, and the master sustained objections to the questions but stated that if it was persisted in he would so certify the questions, *held* that failure of the master to certify the questions could not be complained of on appeal, where there was no further request to certify, and no application to the court for a rule on the master, to certify, and the subject was not referred to in the objections to the master's report.

7. JUDGMENT, § 535*—*when judgment on citation issued under administration act res adjudicata.* A judgment of the County Court in favor of the defendant upon a citation issued under the administration act to recover assets, followed by the dismissal of the administrator's appeal therefrom to the Circut Court, *held* to be a final adjudication in favor of defendant and to bar a subsequent suit in equity by the administrator to recover the same subject-matter.

Appeal from the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 31, 1914.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for appellant.

WILLIAM BIESTER, for appellee.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DIBELL delivered the opinion of the court.

On March 19, 1909, Mrs. Mary Sizer died in Boone county, intestate, without issue, and owning real and personal estate, and leaving collateral kindred surviving her. Edward Merrill, a nephew, was appointed administrator of the estate. As such administrator he filed this bill in equity against William Merrill, another nephew, in which he charged that Mrs. Sizer was about eighty-one years old at the time of her death, and that for sometime prior thereto she had been enfeebled in mind, and was in such a weakened state of mind and body that she was incapable of attending to her ordinary business affairs, or making any disposition of her property, and was easily influenced in her business dealings by others, and that in October, 1908, William Merrill used undue arts and fraudulent practices over his aunt, and thereby wrongfully took and removed from her to his possession a certificate of deposit issued by the First National Bank of Belvidere for $900, and converted the same into money and still retains the custody of the proceeds thereof. The bill further charged that Mrs. Sizer lived in the house of William Merrill during the last four months of her life, and that he exercised fraudulent practices over her, when she was incapable of attending to her ordinary affairs, and thereby obtained from her various other notes and certificates of deposit, without consideration, and that William Merrill refuses to surrender them to the complainant, to whom they rightfully belonged as administrator, and that the defendant claims that Mrs. Sizer made him a gift of this property in her lifetime, and that this is untrue. He asked for a discovery from the defendant, and waived the answer under oath. The defendant filed two pleas. The first alleged that prior to the commencement of this suit the said complainant obtained a citation against him in the County Court, in said estate, concerning the same

matters set up in the bill and that he appeared and was examined under oath and evidence was heard, and he was discharged under said citation, and that the administrator appealed to the Circuit Court and perfected said appeal, and thereafter dismissed his appeal, and that the rights and interests involved in said proceeding were the same as those involved in the present suit, and that said order of the County Court is in bar of this suit. The second plea set up that prior to that time, and before the commencement of this suit, the said administrator began an action at law in the Circuit Court against the said defendant to recover for the same matters sought to be litigated in this suit, and that afterwards he dismissed said suit in the Circuit Court. These pleas were adjudged insufficient, and defendant answered the bill, admitting that he received said certificate for $900 from Mrs. Sizer, but denying that she was in a feeble state of mind or body, and denying that he used any fraudulent practices, and asserting that the same was a gift, and denying all the other allegations in the bill, and setting up the same citation in the County Court, and the result thereof, as a bar to this suit. The case was referred to the master to take and report the evidence with his conclusions of law and fact. He did take the evidence, prepared a report for the defendant and overruled objections which each party filed thereto, the objections of the defendant being that the master had failed to rule whether said proceedings under the citation were a bar to the suit. Exceptions were filed by the defendant in the Circuit Court, but the record does not contain exceptions filed by the complainant; but the final order recites that the case was heard upon exceptions filed by both complainant and defendant, and they were all overruled, and there was a decree dismissing the bill for want of equity. From that decree, the administrator prosecutes this appeal.

Appellee contends that as the record does not contain any exceptions filed by appellant in the Circuit Court to the master's report, therefore there is nothing before this court on appeal. The record is not certified to be complete, and we shall therefore assume for the purposes of this opinion, that there are exceptions on file by the complainant, or that we should be governed by what we said in *Croissant v. Beers,* 118 Ill. App. 502.

Appellee contends that the judgment of the County Court in his favor on the citation, having been made final by the subsequent dismissal of the appeal of the administrator therefrom, is a bar to this suit. It seems to be so decided in *Wade v. Pritchard,* 69 Ill. 279. There are numerous cases in the Illinois Supreme Court, of appeals from judgments upon such citations issued in the County Court under the Administration Act, and so far as we are advised they have always been treated as final dispositions of the questions litigated. But appellee has not assigned cross-errors upon the action of the court in holding his pleas insufficient, and in his proofs on that subject under the answer he did not offer in evidence the final order of the County Court, or the order dismissing the appeal in the Circuit Court, but only introduced oral testimony of those facts. Though that evidence was not objected to on the ground that the record itself was the best evidence, yet, as the record is not before us, we deem it best to pass upon the merits of the case.

Appellant made appellee his witness and examined him concerning the transactions between himself and Mrs. Sizer, in October, 1908, the time when appellee received the said certificate from his aunt. On cross-examination by his own counsel, appellee was asked to state all that was said between himself and Mrs. Sizer on that occasion. After he had begun to answer, he was interrupted by objections by appellant's counsel, and said counsel insisted that in his examination of

the witness he had not asked for any conversation, and he insisted upon that so strenuously that the master ruled with him and held the evidence incompetent, but at the same time permitted the answer to be made and to be taken down, following, in that respect, the suggestions made by us in *Ellwood v. Walter*, 103 Ill. App. 219, where we collected the authorities upon the practice before the master upon objections to testimony. The master, however, was misled as to the fact because, on said direct examination, after appellant's counsel had asked appellee if at the time he obtained the certificate there was anything said about interest, and had had a reply to that question, this question was then asked: "Did she say to you at the time she gave you that certificate, on the date she gave it to you, that she wanted you to hold that certificate before you cashed it, until the interest was due?" To which he answered, "Yes, sir." The rule of law is that if a part of a conversation has been given in direct testimony, the remainder so far as it is relevant, may be called out by the cross-examination; or, "where a witness details a conversation, the party against whom the evidence is offered is entitled to the whole of the conversation." *Phares v. Barber*, 61 Ill. 271; *Moore v. Wright*, 90 Ill. 470; *Barnes v. Northern Trust Co.*, 169 Ill. 112; *Jones on Evidence* (2nd Ed.,) sec. 882. The evidence, therefore, which the master caused to be taken down, after he had held it incompetent, giving the full details of the interview between appellee and Mrs. Sizer, in which she gave him the certificate of deposit, was all competent, and fully explained the reason for the gift, and made it appear an honorable and proper transaction on both sides. Thereafter, in the same conversation, appellee invited his aunt to spend the winter in his home, and she accepted and went, a little later, and spent the winter there, and appellee refused to permit her to pay him for said sup-

port because of her generosity to him.  The allegations of the bill, that she was feeble in mind and was over-reached, and that appellee used fraudulent practices over her to obtain this certificate, are all of them without any support in the evidence.  There is also proof by other people of statements made by her, afterwards, to various persons, that she had given her nephew William $900; and to one or more of the witnesses she stated to some extent the reasons which actuated her doing so.  There was no proof to support the allegations of the bill that appellee afterwards obtained other notes and certificates from Mrs. Sizer.

The certificate of deposit was payable to the order of Mrs. Sizer, and the proof by several witnesses shows that she was unable to write, and appellee testified that at the time when his aunt gave him the certificate he wrote her name in lead pencil upon the back, pursuant to her request, and that she placed her cross after her name, in lead pencil.  In the matter of the citation, a deposition was taken and this certificate was attached thereto, and the end of the certificate which had the name of Mrs. Sizer written upon it was the end which was fastened into the deposition; and it is claimed by some witnesses that there is now no appearance of a lead pencil cross after her name, and by other witnesses it is claimed that there is some slight indication of such a cross still to be seen.  The original instrument is attached to the record before us.  Appellant made much of the supposed absence of this lead pencil cross, in the trial of the case and in his argument here.  Apparently he contends that appellee testified untruthfully when he said that Mrs. Sizer made her cross after her name, and that having testified untruthfully on that subject, the rest of his evidence should be disbelieved.  Regardless of the appearance of the certificate at the present time, there is, in our judgment, a clear preponderance of testimony in this record that at the time when his certif-

icate passed through several hands and reached the
bank and was cashed it did bear a cross after Mrs.
Sizer's name. We regard the matter however, as of
slight importance.

The certificate was dated May 6, 1908, and provided
for interest at three per cent. if left six months, and
for no interest after six months. The six months
would expire November 8, 1908, and the interest for
six months at three per cent. would be $13.50, and the
certificate was given to appellee on October 4, 1908.
Appellee testified that his aunt told him to hold it un-
til the interest was due, and to pay her the interest, as
she wanted it with which to pay her taxes. Before
the six months were up he needed the avails of this cer-
tificate for investment in the business which he was
then just entering upon, and which was one of the rea-
sons why his aunt gave it to him at that time; and he
found a friend who cashed it for him and gave him
the six months' interest, $13.50, and he thereupon paid
said $13.50 to his aunt, and, in fact, being unable to
make the exact change, paid her $14.00. Appellant
contends that the condition imposed by the aunt, that
the interest for six months should be paid to her and
that he should retain the certificate until the interest
was earned, imposed a condition upon the gift, and
that because of that condition the title did not pass to
appellee. Whatever the law might be, if nothing had
been said or done between the parties after the inter-
view of October 4th, we think that rule cannot possibly
apply where, as here, the condition was fulfilled and
interest was paid to her, he received and appropriated
the principal in the investment which she intended he
should use it for, and she knew all about it, lived in
his house for months thereafter and told various peo-
ple that she had given him $900, and her reasons for
doing so. The gift and its consummation was fully
proved by abundance of evidence, and there was no evi-
dence of any kind to contradict or put it in question.

There is nothing to show that Mrs. Sizer ever re-gretted having made the gift, or ever had any desire to recall it; but, on the contrary, it is obvious from the evidence that she remained satisfied therewith to the end of her life. Again, appellee's possesion of the certificate, claiming to own it, was proof tending to show that it had been duly delivered to him and that he owned it. *O'Connor v. Messenger,* 183 Ill. App. 1, and cases there cited. This is true even if there had been no indorsement. *Bertolet v. Stoner,* 164 Ill. App. 605; *Rinard v. Lasley,* 143 Ill. App. 450. This evidence was not overcome by any other proof and authorized a decree for appellee.

On cross-examination by appellant of a witness called by appellee, the witness refused to answer cer-tain questions, and appellant demanded that they be certified to the Circuit Court for action. The master sustained objections by appellee to the questions, but stated that if the application to certify was persisted in he would certify the questions to the Circuit Court. It is contended that the master erred in not so cer-tifying. Appellant did not afterwards request the master to certify, nor did he apply to the Circuit Court for a rule on the master to certify the questions, and in the objections which appellant filed to the master's report he did not include anything on that subject. He therefore has nothing of which he can avail himself in this court. Moreover, the questions were trivial, and they had no bearing upon anything connected with this case.

We are of the opinion that the order of the County Court upon the citation, followed by the dismissal of appellant's appeal therefrom to the Circuit Court, be-came a final adjudication in favor of appellee, if it had been properly proved by the record. We have carefully read all the evidence in the record itself, in

a desire to know the justice of this case, and we are clear that the allegations of the bill are not in any way supported by the evidence, and that the bill was properly dismissed for want of equity.   Decree affirmed.

*Affirmed.*