**Nick Lefor, Appellant, v. William C. Jones, Appellee.**

**Gen. No. 44,686.**

Opinion filed June 29, 1949. Released for publication July 18, 1949.

JOSEPH A. RICKER, of Chicago, for appellant.

ZLATNIK, GAINES, GORDON & GRUBMAN, of Chicago, for appellee; MICHAEL F. ZLATNIK and ROBERT G. PHELPS, both of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an action in forcible detainer to recover possession of defendant's apartment in the premises commonly known as 5406 Kenwood avenue, Chicago, Illinois, for the use and occupancy of plaintiff's son. Judgment was entered in favor of plaintiff for possession and the writ of restitution was stayed for a period of five months. Shortly thereafter defendant filed a petition to vacate the judgment, which was allowed, and a new trial was granted. In the second trial the court found the issues in favor of the defendant and entered judgment accordingly. Plaintiff appeals.

The apartment in controversy contains four rooms and is occupied by defendant, his wife, and twenty-eight-year-old invalid daughter, under a month to month tenancy. Plaintiff's son and his family consisting of his wife and two minor children occupy a three-room apartment a block away from the premises here involved.

Plaintiff testified that he is ill and under the care of a physician; that he wants to put his son in possession of defendant's apartment because he needs the assistance of his son in the operation of the building, and for the further reason that defendant's apartment is larger than the one presently occupied by his son.

Defendant's petition to vacate the former judgment alleges in substance that a full hearing was not had

in the former trial; that plaintiff made certain misrepresentations in the former hearing with respect to the number of rooms in the apartment occupied by plaintiff's son, the condition of plaintiff's health, and other matters which existed at the time the instant suit was filed.

Plaintiff's principal contention is that the original judgment, finding the defendant guilty of unlawfully withholding possession of the premises from the plaintiff, was a consent judgment, and that the court erred in setting it aside. An examination of the record discloses that the judgment shows on its face that it was entered by agreement. It reads as follows:

"Now come the parties to this cause and thereupon *by agreement between the parties hereto made in open court,* the court enters the following finding, to-wit: . . . ."

A consent decree is not a judicial determination of the rights of the parties. It does not purport to represent the judgment of the court, but merely records the agreement of the parties. A decree entered by consent cannot be reviewed by appeal or writ of error. (*Sims v. Powell,* 390 Ill. 610; *Bergman v. Rhodes,* 334 Ill. 137; *Smith v. Kimball,* 128 Ill. 583; *Armstrong v. Cooper,* 11 Ill. 540; *Dunlop v. Horton,* 337 Ill. App. 106.)

For the reasons stated, the judgment appealed from is reversed and the cause remanded with directions to deny the petition to vacate the former judgment and for a new trial, thus permitting the original judgment for possession in favor of plaintiff to stand.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.