Hyman J. Berg and Etta F. Berg, Appellees, v. Z. Somlo, Appellant.

Gen. No. 45,814.

■ Opinion filed November 19, 1952. Released for publication December 5, 1952.

HARRY S. GREENSTEIN, of Chicago, for appellant; HARRY S. GREENSTEIN, and MARTIN L. SILVERMAN, both of Chicago, of counsel.

BENJAMIN NELSON, and ADOLPH L. HAAS, both of Chicago, for appellees; BENJAMIN NELSON, ADOLPH L. HAAS, and EARL FREEMAN, all of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from an order sustaining plaintiffs' motion to strike defendant's amended petition in the nature of a writ of error *coram nobis* praying that a judgment entered against the defendant in a forcible detainer proceeding be vacated.

The record discloses that on January 27, 1949, *by agreement of the parties* a judgment was entered finding defendant guilty of unlawfully withholding possession of the premises occupied by him and leased from plaintiffs. At that time it was also agreed that the writ of restitution be stayed until July 31, 1949, and that during the period of the stay of the writ plaintiffs be given leave to accept rent from defendant for the use and occupancy of the premises, without prejudice.

Afterwards on July 24, 1952, defendant filed his amended petition in the nature of a writ of error *coram nobis,* alleging that defendant and his family vacated the premises in controversy about July 1, 1949, pursuant to a 60-day notice of termination of the tenancy which stated that plaintiff sought "in good faith" to recover possession of the premises for the personal

362

use of Miriam Berg, plaintiff, Hyman Berg's mother; and that after defendant vacated the premises in question plaintiffs leased them to one Forman and that when Forman took possession it became "evident" for the first time that plaintiffs had not intended to place Miriam Berg in possession of the premises but had merely used her name for the purpose of obtaining a judgment in the forcible detainer proceedings. The amended petition concludes with a prayer asking that the judgment entered in the forcible detainer proceedings on January 27, 1949 be set aside and the cause dismissed at plaintiffs' cost.

Plaintiffs filed a written motion to strike defendant's petition, averring in substance that the petition is insufficient in law and that defendant executed a release on the same day the consent judgment was entered in the forcible detainer proceedings, waiving all claims "by reason of payment of rental or whatever right of possession of the premises."

In this proceeding the present occupant of the premises is not made a party nor does defendant seek to be restored to possession.

Defendant's principal contention is that his consent to the entry of the judgment in the forcible detainer action was procured by false representations made by plaintiffs with respect to Miriam Berg's occupancy. The rule seems well established that a judgment entered by consent cannot be reviewed by appeal or writ of error. *Lefor v. Jones,* 338 Ill. App. 173; *Berkowitz v. Glickman,* 347 Ill. App. 76; *Dunlap v. Horton,* 337 Ill. App. 106. In the case last cited, *Dunlap v. Horton,* the precise question presented here was determined adversely to defendant's contentions. Moreover, the release executed by defendant, as shown by plaintiffs' motion to strike, is not challenged. Therefore for the purpose of plaintiffs' motion we must assume it is valid. Since it discharges plaintiffs from any

claim defendant may have had arising from the vacation of the premises here in controversy it bars defendant from any recovery in the instant proceeding.

For the reasons given, the order here appealed from is affirmed.

*Order appealed from affirmed.*

FEINBERG and KILEY, JJ., concur.