SARAH WADE

*v.*

REUBEN M. PRITCHARD.

69    279
23a   175
69    279
38a   248
69    279
56a   211
69    279
164   217
69    279
170    28
69    279
90a  [2]499

1.  DISCOVERY—*of property, etc., of estates—waiver of defect in affidavit.* Where a party charged with having effects belonging to an estate in his possession, etc., appears and goes to trial in the county court upon the

merits, this will be a waiver of any defects in the affidavit by which the proceeding is commenced: Objections to the affidavit should be urged before submitting to the jurisdiction of the court.

2. SAME—*evidence not confined to defendant's answers.* Under a proceeding under section 90 of the chapter of Wills, R. S. 1845, the court is not confined to the examination of the defendant, but either party has the right to introduce any evidence that is pertinent to the issue. The court is not even bound to examine the defendant under oath, but may do so in its discretion.

3. FORMER JUDGMENT. Where a party is cited, under section 90 of the Statute of Wills, to reach property in his possession belonging to an estate, denies the fact, and is discharged by the court, it seems that such trial and discharge will be a bar to a recovery in another action in respect to the same property.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. HILLIS & CHRISTIAN, for the appellant.

Mr. R. L. DIVINE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed his affidavit in the county court of DeKalb county, in which he stated that he was interested in the estate of Elotia Pritchard, deceased, and asked a citation against appellant to appear and discover what effects she had in her possession belonging to the estate. The record states that she and another person, against whom a citation was also prayed, appeared before the county court and waived process and submitted to an examination. On the hearing in that court, the other party was discharged, but appellant was found by the court to have in her possession two notes belonging to the estate, and she was ordered to surrender them forthwith to the administrator of the estate. She thereupon prosecuted an appeal to the circuit court, where a trial was had with a similar result, and an appeal is prosecuted to this court.

It is first objected, that the court below erred in not dismissing the proceeding for want of jurisdiction. This objec-

tion is based on the fact that the affidavit upon which the proceeding was based did not state in what way affiant was interested in the estate.

This can not be urged in this case as a valid objection, as the parties appeared and submitted to the jurisdiction without process, having expressly waived it, and in doing so they must be regarded as having waived the sufficiency of the oath required by the statute. To have presented that question, objections should have been urged to the affidavit before the parties submitted to the jurisdiction of the court. If it was defective, it was waived by appearance and going to trial.

It is next urged that the court below erred in rejecting evidence offered by appellant to support her claim of title to the notes.

The 90th section of the Statute of Wills authorizes this proceeding, and it was instituted under that enactment. That section provides that, if the executor, administrator or other person interested in the estate shall state on oath, to the court of probate, that he believes that any person has in his possession, or has concealed or embezzled, any goods, chattels, moneys, effects, books of account, papers, or any evidences of indebtedness, etc., the court shall require such person to appear on a citation, and may examine him on oath, touching the same; and if such person shall refuse to answer proper interrogatories, or shall refuse to deliver up such property, etc., when required by order of the court, such court may commit such person to jail until he shall comply with the order of the court therein.

There is nothing in this section that in the remotest degree tends to exclude the idea that each party may not introduce such evidence as may be pertinent to the issue. It is true, that the section is not specific as to all that shall be done on the inquiry. The purpose of the enactment was, to enable executors and administrators, and parties having an interest in the estate, to discover assets, and it was designed to afford a more speedy and less expensive mode than by detinue, trover or replevin. The remedy was cumulative to those, and the

only change it intended to introduce from an ordinary trial involving the ownership of property, was to enable the court to compel the person charged with having the property, to discover, on oath, whether he had property in his possession.

The requirement that the party shall be examined, is not peremptory, but leaves it discretionary with the court. The act says he may be examined an oath, not that he shall be. From this language it may be reasonably inferred that it was the intention to permit each party to introduce evidence, and if the county court believed that it would be proper to examine the party, then it could be done.

We can not suppose that the legislature intended in all cases to have the party examined, much less to let the rights of the estate turn, alone, on the evidence of the party charged with having the property. If such a construction were given to this section, and an unscrupulous person had property in his possession, and were cited, and denied the fact, and were discharged, that trial could, no doubt, be pleaded in bar to a recovery in another action. This would either be disastrous to the estate or render the section practically of no use.

The court below, therefore, erred in rejecting the evidence offered, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*