EDWIN C. DAY, Special Admr. *et al.*

*v.*

CORNELIA M. BULLEN, Exrx. *et al.*

*Opinion filed February 21, 1907—Rehearing denied April 3, 1907.*

1. EXECUTORS AND ADMINISTRATORS—*special administrator can not be appointed while executor is acting.* An order appointing a special administrator to collect, without revoking the letters of a duly qualified and acting executor, is void, although, under section 72 of the Administration act, an administrator *pro tem* may be appointed to defend, without revoking the letters, when the regular administrator or executor has filed a claim against the estate.

2. SAME—*remedy where executrix claims property as her own.* Where an executrix claims property as her own, one having an interest in the estate may, under sections 81 and 82 of the Administration act, by a statement under oath that such executrix has concealed assets of the estate, obtain such an order from the court as the case may require, even though the executrix claims the property as an individual by transfer from the decedent before his death.

3. SAME—*sections 81 and 82 of the Administration act construed as to extent of their application.* Sections 81 and 82 of the Administration act, relating to the remedy where assets have been concealed or embezzled, include not only property that belonged to the deceased at his death and which has not been changed in character, but also the proceeds or value of the property which came into the hands of one charged with such concealment or embezzlement.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

Robert F. Bullen, of the city of Chicago, died testate November 14, 1901. His will bears date August 21, 1899, and directed that after the payment of the testator's debts and funeral expenses, $10,000 of his estate should go to his nephew, Robert F. McDonald, and the residue to his widow, Cornelia M. Bullen, who was named executrix of the will by the testator. Said will was filed in the probate court June 28, 1902, but was not admitted to probate until December following. Pending the delay in probating the will, Cornelia M. Bullen was by the probate court appointed administratrix to collect, and duly qualified as such. After the admission of the will to probate, letters testamentary were issued to said Cornelia M. Bullen as executrix of said will. As administratrix to collect she filed an inventory January 12, 1903, in which it was stated that Robert F. Bullen left no estate, real or personal. Thereupon Robert F. McDonald filed his petition in the probate court, in which he alleged Robert F. Bullen left an estate worth at least $30,000, and that among the assets of said estate were 299 shares of stock of the Harris Company, pawnbrokers, which stock was worth $30,000, and at the time of Robert F. Bullen's death was in his name on the books of the corporation, but that Cornelia M. Bullen had in some manner possessed herself of said stock, withholds it from the inventory, and had caused the certificates to be canceled and re-issued to her by said corporation. The petition prayed that petitioner, or some other discreet person, be appointed as administrator to sue Cornelia M. Bullen, executrix, for the recovery of said stock in a court of chancery; that said executrix be required to list said stock as property in contest, or that a citation issue against her requiring her to show cause why she should not inventory said property as property of the estate of Robert F. Bullen, deceased.

On the 21st day of January, 1903, the probate court entered an order appointing Edwin C. Day "special administrator in said estate to sue the executrix in said estate, Cor-

nelia M. Bullen, in law or chancery, for the recovery of and to obtain the transfer of any and all assets which it may be found she, the said Cornelia M. Bullen, now has or has had in her possession or keeping, belonging to the estate of Robert F. Bullen, deceased, either as administrator to collect, as executrix or as an individual, or which she ought to have inventoried as assets of said estate as executrix or administrator to collect." On February 3, 1903, Cornelia M. Bullen, as executrix, filed a supplemental inventory, in which it was stated that Robert F. Bullen left no estate, real or personal; that the 299 shares of capital stock of the Harris Company, estimated to be of the value of $29,900, was no part of the estate of Robert F. Bullen, deceased, but "is owned solely and absolutely by Cornelia M. Bullen in her individual capacity."

The bill in this case was filed by Edwin C. Day, as special administrator, on the 14th day of March, 1903, in the circuit court of Cook county. Among other things the bill alleged that Robert F. McDonald is a devisee to the amount of $10,000 under the will of Robert F. Bullen, deceased, and that the said Robert F. McDonald had also filed a claim of $4500, with interest thereon from 1863, amounting in all to about $16,000; that said Robert F. Bullen was the owner of 299 shares of stock in the Harris Company; that said stock stood on the books in the name of Walter E. Harris; that the certificates had been endorsed in blank to Walter E. Harris but no name was inserted as endorsee; that said stock was duly transferred to Robert F. Bullen at the time of its issue, and that while no transfer had been made on the books of the corporation up to the date of his death, and while on the books the stock stood in the name of Walter E. Harris, it was held in trust by him for Robert F. Bullen, and that said Robert F. Bullen constantly exercised acts of ownership over said stock up to within a very short time before his death, and that all dividends on said stock were paid to and drawn by said Robert F. Bullen, and that he had never

endorsed said stock to any other person and was at the time of his death the owner thereof. The bill charged that Cornelia M. Bullen, after the death of her husband, presented the certificates of stock to the Harris Company with a demand that the said corporation cancel said certificates and issue new stock to her in her name, which was done accordingly; that the said Cornelia M. Bullen thereby wrongfully appropriated said stock to her own use and has since that time received and appropriated the dividends on said stock. The bill further alleged that arrangements had been made, or were in progress, by which said Cornelia M. Bullen was to transfer said stock to Walter E. Harris and Chauncy B. A. Jerome. Cornelia M. Bullen, Cornelia M. Bullen as executrix and administratrix to collect, Walter E. Harris, Chauncy B. A. Jerome, the Harris Company and Robert F. McDonald were made parties defendant. The prayer of the bill as amended was, that Cornelia M. Bullen be decreed to be trustee of said stock for the benefit of said complainant, as administrator; that she be decreed to account for and turn over to him said stock and the dividends thereon, or in case she had transferred it, all the avails thereof since the death of Robert F. Bullen, and that in case of said transfer said Cornelia M. Bullen, either individually or as executrix or as administratrix to collect of Robert F. Bullen, deceased, be required to pay to complainant the value of the stock and the money derived from such sale, to become a part of the assets of said estate.

Cornelia M. Bullen, as executrix, as administratrix to collect and as an individual, answered, denying that Robert F. Bullen was the owner of the stock of the Harris Company, and denying that she wrongfully appropriated said stock by procuring it to be issued to her. The answer also denies that Robert F. McDonald was a devisee to the amount of $10,000 under the will of Robert F. Bullen, deceased, or that he had a claim against the estate, and avers that prior to the death of Robert F. Bullen he transferred and delivered

to respondent, for a valuable consideration, all of said shares of stock mentioned in the bill of complaint, and that she is the sole and absolute owner thereof. She further avers that the probate court was without authority to appoint complainant administrator to sue her for the recovery of assets belonging to the estate, and that said order appointing him is absolutely null and void; that the complainant is not a creditor of the estate of Robert F. Bullen, deceased, has no interest therein, has no right or authority to file the bill of complaint, is not entitled to the relief prayed, or any part thereof, and respondent prays the same advantage of her answer as though she had demurred to the bill.

Robert F. McDonald answered, admitting the allegations of the bill, and the other defendants, Walter E. Harris, Chauncy B. A. Jerome and the Harris Company, answered that the stock described in the bill had been sold to Walter E. Harris and Chauncy B. A. Jerome by Cornelia M. Bullen prior to the filing of the complainant's bill and without any knowledge on their part of the facts set forth in said bill. Robert F. McDonald also filed what is endorsed as an intervening petition, but which counsel for the appellants say should be treated and considered as a cross-bill. Afterwards, by leave of court, he filed an amended intervening petition or cross-bill, in which he charged that the stock mentioned in the original bill was the property of Robert F. Bullen; that he had filed a claim against the estate of Robert F. Bullen for $4500, with interest thereon from 1870; that said claim represented a fund placed in the hands of Robert F. Bullen by his sister, Elizabeth McDonald, who was the mother of the intervening petitioner, while on her death-bed and but a short while before she died; that at that time petitioner was an infant, and his mother, realizing that she was near death, handed the money to Robert F. Bullen, who was her favorite brother, and asked him to take care of it for petitioner, which said Robert F. Bullen agreed to do. The petition avers that said Robert F. Bullen did not keep said

fund separate but mingled it with his own, and had never paid it over or accounted for it to petitioner; that no demand had ever been made on Robert F. Bullen by petitioner in his lifetime because of the close relationship of the parties and the affection and confidence placed in said Robert F. Bullen by petitioner. Said petitioner asks that a trust be declared to have existed in the said Robert F. Bullen, in favor of petitioner, in the sum of $4500, with interest at the legal rate, and that Cornelia M. Bullen be declared to hold the stock mentioned in the original bill, or the avails thereof, in trust, to pay the same and to turn over to petitioner such sums of money as might be found to be due him under said trust in Robert F. Bullen.

Cornelia M. Bullen answered said intervening petition, denying that Robert F. Bullen left any estate, as alleged in the petition, and denying that there was any trust, as therein charged. The answer further averred that if there ever was such trust, as alleged in said petition, the petitioner had been guilty of such *laches* as to bar him from the relief claimed, setting up very fully the circumstances relied upon, and denied that he was entitled to any relief whatever under his intervening petition, and prayed the same advantage of the answer as if respondent had demurred to the intervening petition.

Issues were formed on these pleadings, the cause heard before the chancellor and decree entered finding the equities with the defendants, "both in the bill of complaint and the intervening petition, and it is ordered that the bill of complaint and the intervening petition be hereby dismissed for want of equity, at the cost of complainant and intervening petitioner." To reverse that decree appellants prosecuted a writ of error from the Appellate Court. Upon a hearing in that court the decree of the circuit court was affirmed, and from the judgment of the Appellate Court this appeal is prosecuted.

WARWICK A. SHAW, and SAMUEL B. KING, for appellants.

EDMUND S. CUMMINGS, for appellee Cornelia M. Bullen.

Mr. JUSTICE FARMER delivered the opinion of the court:

In the view we take of this case the merits of the controversy are not before us for determination, for the reason that the probate court was without power or authority to appoint complainant in the original bill special administrator and authorize him to institute this suit. Before said order was made Cornelia M. Bullen had first, and during the delay in the admission of the will to probate, been appointed and qualified as administratrix to collect. Afterwards, but before the order of the probate court was made appointing appellant Day special administrator, she was duly appointed and qualified as executrix of the will of Robert F. Bullen, deceased, and letters testamentary issued to her in that capacity. We know of no authority for the appointment of an administrator by the probate court while Cornelia M. Bullen held that office and exercised the duties and functions pertaining to it. Section 11 of chapter 3 (Hurd's Stat. 1905, p. 106,) authorizes the appointment of an administrator to collect and preserve the estate where for any reason there is great delay in establishing or admitting the will to probate. By section 17 it is provided that on the granting of letters testamentary or of administration the power of the administrator to collect shall cease, and it shall be his duty, on demand, to deliver all property and money in his hands to the person to whom letters of administration or letters testamentary have been granted. When Cornelia M. Bullen qualified as executrix her power and authority as administratrix to collect terminated. The letters testamentary issued to her clothed her with power to collect, and to do and perform all other acts pertaining to the office of executrix, so long as said letters remained unrevoked by the

court granting them. The causes for which letters testamentary or of administration may be revoked, and the proceeding for such revocation, will be found in sections 26 to 39 of said chapter 3. (Hurd's Stat. 1905, p. 109.)

It is not contended here, however, that the letters testamentary to Cornelia M. Bullen were revoked or asked to be revoked. The petition of Robert F. McDonald, referred to in the statement of the case and upon which the appointment of Day as administrator was made, was in the alternative. Its prayer was, that a special administrator be appointed to sue Cornelia M. Bullen, executrix, "or that in lieu thereof a citation issue against Cornelia M. Bullen requiring her to show cause why she should not list and inventory said property as property of the estate of said Robert F. Bullen, deceased." None of the grounds provided by statute authorizing the revocation of letters testamentary were set up in the petition and it contained no prayer or request for the removal of the executrix. It was held in *Munroe* v. *People,* 102 Ill. 406, that an order revoking letters of administration not made in pursuance of and in accordance with the provisions of the statute on that subject is a nullity and absolutely void, and we are of opinion an order appointing a special administrator of an estate where there is a duly qualified and acting executor is equally void. The only authority we know of for the appointment of a special administrator without the revocation of letters previously granted is that provided in section 72 of said chapter 3. That section authorizes the appointment of an administrator *pro tem* to appear and defend for the estate where the executor or administrator has filed a claim against said estate. That section, however, could have no application to this case, as the executrix does not claim to have any demand against the estate. Her claim is, that the property sought to be recovered by the special administrator became her property by transfer from her husband, for a valuable consideration, before his death. The bill was not filed

by the special administrator for or on behalf of any creditor of Robert F. Bullen, deceased, and it contains no allegation that the alleged transfer of the stock from the deceased to his wife was fraudulent, but it proceeds entirely upon the theory that said stock was the property of Robert F. Bullen at the time of his death but has since that time been converted and appropriated by Cornelia M. Bullen, who now claims it as her individual property.

Robert F. McDonald had such an interest in the estate of Robert F. Bullen, deceased, as to authorize him to invoke the aid of the court under sections 81 and 82 of the Administration act, and the petition filed by him we think sufficient for that purpose. Those sections of the statute authorize the probate court, upon a statement under oath being made by any person interested in the estate that any person has in his possession or has concealed or embezzled any goods, chattels, moneys or effects belonging to any deceased person, to require such person charged to appear before the court for a hearing, and to make such order in the premises as the case may require. These sections are broad enough to include not only property that belonged to the deceased at the time of his death and has not been changed or altered since, but also the proceeds or value of property which came to the hands of the person charged and has been converted. (*Dinsmoor* v. *Bressler,* 164 Ill. 211.) The fact that Cornelia M. Bullen was executrix and claimed the property in controversy in her individual capacity could not affect the remedy provided by said sections 81 and 82. (*Martin* v. *Martin,* 170 Ill. 18.) In that case the petition for a citation was filed by a devisee under the will, and charged that the executors, or some of them, withheld and secreted certain mortgages, school bonds and street railroad bonds belonging to the estate. The petition was amended so as to charge Serena M. Martin only, one of the executors, with secreting and withholding the property and claiming it as her individual property. A hearing was had in the county court and the peti-

tioner appealed from the order of that court to the circuit court, and the case finally reached this court. In the opinion delivered by this court it was said (p. 24) : "At the hearing in the circuit court she [Serena M. Martin] appeared, answered and defended in her individual right, although protesting against the jurisdiction. The protest was not against the jurisdiction of her person; and it would have made no difference if it had been, since any objection of that kind was waived by the entry of a general appearance and defending on the merits. (*Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491; *Mix* v. *People,* 106 id. 425.) The protest was against the power of the court to try the issue, and therefore related to the subject matter. It was unfounded, as the county court acquired jurisdiction of the subject matter by the amended petition."

For the reasons given, the bill was properly dismissed by the circuit court and the Appellate Court properly affirmed that decree. But it is not to be understood that by affirming the judgment of the Appellate Court we either approve or disapprove of the conclusions announced by the Appellate Court in its opinion upon the merits of the controversy. We have not given the merits of the case our consideration. The determination of this case can have no influence on a proceeding, if one shall be instituted, under section 81 of the Administration act, for in that proceeding the parties would not be the same as they are in this case. It necessarily follows that as appellant Edwin C. Day had no right to file the bill, the pleading of Robert F. McDonald, whether it be considered an intervening petition or a cross-bill, was properly dismissed also. *Wachter* v. *Blowney,* 104 Ill. 610; *Dows* v. *City of Chicago,* 11 Wall. 108.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*