**Eugene Wahl, Administrator, Appellee, v. Eliza J. Jacobs et al., Appellants.**

1. APPEALS AND ERRORS—*of what complaint cannot be made.* A party cannot upon appeal complain of the action of the court taken at his own instance and request.

2. ADMINISTRATION OF ESTATES—*section 81 of act construed.* Section 81 of the Administration Act was designed by the legislature to give to the administrator a more speedy and less expensive mode for the recovery of assets belonging to the estate which he represents, and is cumulative to the ordinary remedies of detinue, trover and replevin.

Petition for citation. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. *Opinion* filed November 17, 1908.

S. H. CUMMINS, for appellant.

D. H. MUDGE and BARBER & BARBER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Eliza J. Jacobs and Andrew J. Jacobs have prosecuted an appeal from an order of the circuit court of Sangamon county affirming an order of the probate court of said county which directed said appellants to deliver to appellee as administrator of the estate of Edward C. Eberle, deceased, property belonging to said estate, which the appellants had refused to deliver to appellee as such administrator, and further ordering said appellants to pay to such administrator all damages he may have sustained as such administrator by reason of the wrongful detention of. said property by appellants.

Appellee, as administrator, filed an affidavit in the probate court of Sangamon county under section 81 of chapter 3 of the Revised Statutes, in which he set up that appellants had in their possession the property herein involved, which. constituted the entire personal estate of Edward C. Eberle, deceased, and in an amendment thereto stated that such property had never come into his hands as such administrator. In such petition he prayed for citation and for an order directing appellants to surrender and deliver up said property to such administrator. Appellants appeared in such probate court and without objection submitted to a hearing on such petition, claiming, however, that all the property involved in the controversy was their absolute property by force of a gift which they claimed deceased made to them of the property. The probate court found adversely to the contention of appellants and they prosecuted an appeal to the circuit court of said county with the result already stated.

Appellants contend that the circuit court was in error when it submitted the controversy to a jury and when it assumed authority under section 81, and proceeded to try and determine the right of property.

Upon the first feature of this contention it is enough to say that the record discloses the fact that it was upon a motion of appellant that the circuit court directed an issue of fact upon the claim of appellants, then made in writing, that the property involved was given to appellants by deceased, in his lifetime, and they are now estopped by their own conduct from challenging the act of the court in so submitting the case.

Upon the second feature of the contention appellants claim that said section 81 of chapter 3 was not designed or intended to give the court any power to hear and determine the question involved, but that such right could only be determined by an action of replevin or other appropriate remedy at law.

Said section 81 provides, in substance, that if any * * * administrator shall state on oath to the county court that he believes that any person had in his possession * * * any goods, chattels, monies or effects belonging to any deceased person, the court shall require such person to appear before it by citation and may hear him on oath, and hear the testimony of such * * * administrator and other evidence offered by either party and make such order in the premises as the case may require.

This section has been held by our courts to give to an administrator a more speedy and less expensive mode for the recovery of the assets belonging to an estate, which he represents, than by detinue, trover, or replevin, and to be a cumulative remedy, in those cases where the administrator seeks to possess himself of estate assets which up to the time of commencing of such proceeding he has never reduced to his possession. Wade v. Pritchard, 69 Ill. 279-281; Mohlke v. People, 117 Ill. App. 595.

The testimony, as to the alleged gift by deceased to appellants, was of so unsatisfactory a nature that, in our judgment, no verdict could have been sustained other than the one returned.

The judgment is right under the evidence and the record is free from prejudicial error.

The judgment is affirmed.

*Affirmed.*

The motion to tax the cost of the additional abstract to appellant is allowed.