**Mary M. Kepple et al., Appellees, v. Robert F. Crabb, Appellant.**

1. ADMINISTRATION OF ESTATES—*when petition to compel administrator to inventory assets, lies.* A petition lies to compel an administrator to inventory property in his hands which he obtained during the lifetime of the deceased.

2. ADMINISTRATION OF ESTATES—*what not essential in proceeding to compel administrator to inventory assets.* In such a proceeding the administrator, being a party in interest, is not competent in his own behalf, by virtue of statute, and the court is not required to call and examine him.

3.   Trial—*when party not entitled to jury*.   In a proceeding to compel an administrator to inventory assets a jury is not required, nor is a party to such a proceeding entitled to a trial by jury.

Petition for citation.   Appeal from the Circuit Court of McDonough county; the Hon. Robert J. Grier, Judge, presiding.   Heard in this court at the November term, 1908.   Affirmed.   Opinion filed December 15, 1909.

Vose & Creel and Neece & Elting, for appellant.

Charles W. Flack and Albert B. Fuhr, for appellees.

Mr. Justice Philbrick delivered the opinion of the court.

Appellees filed a petition in the County Court of McDonough county for citation on appellant, who was administrator of the estate of Elizabeth McCray, deceased.   The petition set forth that appellant, as such administrator, filed his inventory in that court, but said inventory did not contain all the property of the deceased that appellant had in his hands or had knowledge of, but that he held in his hands or knew of certain property which he had not accounted for, which belonged to said estate and which he refused to inventory.   The petition further alleged that in her lifetime the deceased executed to appellant a power of attorney, giving him full authority to look after, care for and manage her estate, both real and personal, that she then had or might thereafter acquire, and

"To make and enter into any mortgage, release, contract or other obligation in reference thereto, to ask, demand, sue for, recover and receive such sum or sums of money, debts and demands which are now due and owing unto me, or which may become due to me, the said Elizabeth McCray, from any person or persons, and to have, use and take all lawful ways and means in my name, or otherwise for the recovery thereof, and acquittances or other discharges for the same.   For me and in my name to make, sell and deliver, loan or invest any money that I now have or may hereafter acquire, to sell and dispose of any per-

sonal property which I now have or may hereafter acquire, to sell and convey by proper deeds of conveyance, at such price and on such terms as he may deem best the south half of the southeast quarter and the northwest quarter of said southeast quarter of section three, in township six north, in range three west of the fourth principal meridian, McDonough county, Illinois, or to rent the same and to loan and invest the proceeds, or any part thereof, in such manner as he may deem best, to provide for and look after the comforts and wants of me during the remainder of my life, and to pay out of any money or moneys, or from the proceeds of any of my property, some suitable person or persons to properly look after, care for and provide for me in a proper and fitting manner giving and granting unto Robert F. Crabb, said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes, as I might or could do if personally present.''

The petition further alleged that appellant as such attorney in fact collected rents and had drawn money from the bank that he refused to account for and refused to inventory, and prayed that he be required to inventory and account for the same. On this petition a citation was issued. Appellant filed his answer in the county court and the matter was heard by that court and a decree rendered against appellant finding that he had moneys belonging to said estate and directing that he account for the same and make inventory thereof.

From that decree appellant appealed to the Circuit Court. In that court on his motion appellant was permitted to withdraw his answer. After the answer was withdrawn he entered a motion to quash the petition, which motion was overruled by the Circuit Court, and the cause was heard on appeal in that court without a jury. The decree entered by that court finds that under his power of attorney appellant undertook to conduct and manage the business of the deceased in

her lifetime, and while doing so received various sums of money for rents of lands and other sources; that he had paid out certain sums for the keeping of deceased during her lifetime, and for other matters authorized under said power of attorney, and that he still had in his hands and unaccounted for as such attorney in fact the sum of $5,502.82, and decreed that he inventory the same as property of the estate and account therefor. A personal judgment against appellant was rendered for the costs of the proceeding.

The principal grounds relied upon by appellant for a reversal of this decree are:

First. That a petition of this nature will not lie to compel an administrator to inventory property in his hands which he obtained during the lifetime of the deceased; that it only lies to recover property of which the administrator was ignorant; and that the citation was improperly issued in this cause.

Second. That this is a summary proceeding and deprives the appellant of the right of a trial by jury; that he has the right of having the matter submitted to a jury as to whether the property in his hands belongs to him or to the estate.

Third. That the court at the hearing of this cause should have placed appellant on the stand as a witness and required him to be examined. All the other material points raised are embodied in these three.

Sections 51 and 52, of chapter 3, Revised Statutes of this state, are as follows:

51. "Whenever letters testamentary, of administration, or of collection are granted, the executor or administrator shall make out a full and perfect inventory of all such real and personal estate, or the proceeds thereof, as are committed to his superintendence and management, and as shall come to his hands, *possession or knowledge,* describing the quantity, situation and title of the real estate, and particularly specifying the nature and amount of all annuities, rents, goods, chattels, rights and credits and money on hand, and whether the credits are good,

doubtful or desperate; which said inventory shall be returned to the office of the clerk of the county court, within three months from the date of the letters testamentary or of administration.''

52. ''If, after making the first inventory, any real or personal estate of the deceased comes to his possession or knowledge, he shall file a similar additional inventory thereof.''

Section 81, of same chapter, provides for the issuance of a citation.

Under sections 51 and 52, *supra,* it became the duty of the administrator *to inventory all property of which he had knowledge and which belonged to the estate, whether then in his possession or not.* The method of procedure in issuing a citation upon a proper showing by petition, as was done in this case, has been sanctioned by the courts in numerous cases, and it is the proper method of procedure. In the case of Martin v. Martin, 170 Ill. 18, the same question was raised and the same procedure was had by citation. That case determines the question of practice raised herein, and the Circuit Court did not commit any error in denying the motion of the appellant to quash the petition and to proceed with the hearing. No answer was required, as in this character of cases no pleadings are necessary. The court obtains jurisdiction to act on the filing of the petition, as was done in this case. The pleadings are summary in character, and the court for the purpose of determining the rights of the parties, had full chancery powers and jurisdiction, and the proceeding is had under the rules of chancery practice.

The case of Martin v. Martin, *supra,* determines the question of the right of trial by jury. The court in that opinion refers to the case of People v. Abbott, 105 Ill. 588, wherein it was held that, even if it were proved that property of the deceased was in the possession of another party, the court, in the summary proceeding provided for in the Administration Act, is not bound to order it delivered to the executor or to

make any specific order, but is vested with discretion, and should look beyond the mere legal right and protect equitable rights. In such a case of the exercise of equitable jurisdiction and discretionary powers a party is not entitled to a trial by jury.

The other question raised, that the trial court erred in not requiring the examination of appellant upon the hearing, is without merit. There is nothing which compels the court to examine a party whom it is claimed has property in his possession which belongs to the estate and for which he refuses to account. Such a party would not be a competent witness in his own behalf, and to hold that the court was required to examine him and receive his testimony would render that provision of the statute nugatory and of no effect.

The funds which came into the hands of appellant in this case were received by him in a trust capacity and were held by him as a trustee during the lifetime of the deceased, and, having obtained these funds in such a capacity, he is and should be required to account for the same. The decree rendered by the Circuit Court is fully warranted and justified by the evidence, and it is affirmed.

*Affirmed.*