## Estate of Frances E. Harwood, Deceased, Appellee, v. Hemon C. Harwood, Executor, Appellant.

1. EXECUTORS AND ADMINISTRATORS, § 74*—*jurisdiction of petition for citation to compel inventory.* A County Court sitting in Probate has jurisdiction of a petition for a citation to compel an executor to inventory money invested by him under a power of attorney, for the testator in his lifetime, since the attorney in doing so acted as a trustee under a fiduciary relation.

2. EXECUTORS AND ADMINISTRATORS, § 74*—*sufficiency of evidence to require executor to inventory property.* Where a person seven months before the death of a testator gave to the latter's children a schedule of investments made for the testator under a power of attorney, such schedule is, in a proceeding for a citation to require him as executor to inventory certain property of the estate, prima facie evidence that the property so scheduled was in his possession at the time of the testator's death.

3. EXECUTORS AND ADMINISTRATORS, § 74*—*when answer in proceeding for citation not evidence in executor's favor.* Since no formal pleadings are necessary or required in a proceeding before a County Court sitting in Probate for a citation to require an executor to inventory property, an allegation of his answer that a certain note was given him by the testator is no evidence of that fact.

4. WITNESSES, § 132*—*when executor competent witness in citation proceedings.* An executor is not a competent witness in his own behalf unless called upon by the court to testify, in a proceeding for a citation to compel him to inventory property alleged to belong to an estate.

5. GIFTS, § 27*—*presumption and burden of proof as to gift from parent to child.* A son who makes investments for his mother under a power of attorney occupies a fiduciary and confidential relation towards her, so that after her death there is a presumption against the validity of a gift from her to him; and to sustain the gift he has the burden of proving good faith, and full knowledge and independent action on the part of the donee.

6. EXECUTORS AND ADMINISTRATORS, § 73*—*when executor not excused from inventorying note.* An executor, who acted for the testator during his lifetime under a power of attorney, is not excused from inventorying a note which belonged to the testator, because before his death the attorney deposited the note with a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bank as collateral for his own debt, since the note was, within the meaning of the statute, in his possession at the time of the testator's death.

7. WITNESSES, § 140*—*when testimony of executor inadmissible on proceeding for citation.* The fact that on an appeal from a County Court to the Circuit Court in a proceeding for a citation to require an executor to inventory certain property, the petitioner introduced a portion of the testimony given by the executor in the County Court which tended to show that during the testator's lifetime the executor, under a power of attorney, made investments in his own name for the testator, does not render the remainder of his testimony admissible in his own behalf.

8. EXECUTORS AND ADMINISTRATORS, § 74*—*sufficiency of evidence to require executor to inventory property.* The evidence in a proceeding for a citation to require an executor to inventory certain property, *held* to show the correctness of a schedule made by him for the benefit of the children of the testator, seven months before the latter's death, showing investments made by him under a power of attorney for the testator during his lifetime.

9. EXECUTORS AND ADMINISTRATORS, § 74*—*when errors of law assignable in citation proceedings.* Since the court is not called on to pass upon propositions of law in proceedings for a citation to require an executor or administrator to inventory property, errors cannot be assigned on the court's ruling on questions of law.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. *Certiorari* denied by Supreme Court (making opinion final).

JAMES C. RILEY and LIVINGSTON & BACH, for appellant.

TAYLOR & McWILLIAMS and DeMANGE, GILLESPIE & DeMANGE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from an order of the Circuit Court entered on a hearing on a petition filed in the County Court for a citation directed against appellant, one of the executors of the estate of Frances E. Harwood,

deceased, to compel him to inventory certain personal property and real estate claimed to be the property of said estate. The cause was heard in the Circuit Court on appeal from the County Court.

The petition was filed by Bernadine H. Holdredge, one of the devisees and also an executrix of said estate. Frances E. Harwood died testate April 8, 1913, leaving her surviving Hemon C. Harwood, Kirk B. Harwood, her sons, and Bernadine Holdredge, her daughter. By her will she appointed Bernadine Holdredge executrix, and Hemon C. Harwood executor thereof. David B. Harwood, husband of Frances, and father of the above mentioned children, died June 8, 1912. D. B. Harwood and Hemon C. Harwood since 1904, and up to the time of the former's death, had been in business together as D. B. Harwood & Company. The business was that of loaning money, dealing in real estate and insurance. In 1904 Frances E. Harwood, now deceased, received an inheritance of $50,000. The father and son as D. B. Harwood & Company invested this money for her. Some of it was used in the purchase and sale of real estate and some was loaned. Hemon C. Harwood, according to his testimony, had a power of attorney from his mother, Frances E. Harwood, deceased, authorizing him to loan her money, take the securities therefor and make real estate and other investments therewith in his own name and these things were done by him. After the death of the father in June, 1912, Kirk Harwood and Bernadine Holdredge demanded of Hemon C. Harwood a statement of their mother's property and affairs. Pursuant to such request appellant on the twenty-second day of August, 1912, furnished a schedule of personal property consisting mostly of notes secured by mortgage amounting to over $30,000, and also a number of tracts of real estate. The schedule concludes with the following certificate signed by appellant:

"Above properties, mortgages, etc.; owned by Frances E. Harwood on eighth month, twenty-second day, 1912, according to my knowledge and belief. Hemon C. Harwood."

The schedule was sent to Kirk B. Harwood and was accompanied by a letter from appellant stating in part as follows:

"In reply to yours of the 17th inst., will say that I am enclosing statement of mother's affairs, the same that I gave Bernadine a few day's ago."

After the mother's death in April, 1913, appellant filed his inventory of the property belonging to her estate, in which notes and accounts were inventoried to the value only of $6,560.20. Six months later he filed a supplemental inventory and added thereto notes and accounts to the value of $1,000. The order of the Circuit Court directed him to inventory a large portion of the items of the personal property set out in the schedule, and dismissed the petition without prejudice as to the real estate items mentioned therein.

It is urged that the hearing on this citation involved a trial as to the right of property and that the County Court sitting in Probate had no jurisdiction to determine this question. When appellant used his mother's money to invest under the power of attorney mentioned, he did so as trustee and a fiduciary relation was created. Under these circumstances a petition for citation is a proper remedy. *Dinsmoor v. Bressler,* 164 Ill. 211; *Martin v. Martin,* 170 Ill. 18.

It is insisted that the admission in evidence of this schedule was error for the reason that, it having been made substantially seven months prior to the mother's death, it did not tend to show that appellant was in possession of the notes and accounts listed therein, at the time of her death. Appellant having had absolute control of all his mother's estate after his father's death, and at least equal control with his father since 1904 prior to that time, and having furnished the

schedule mentioned on the demand of his brother and sister for the express purpose of giving them information of the state of their mother's financial affairs, which was wholly within his own means of knowledge, the schedule was prima facie evidence that he had in his possession at the time of her death as assets of the estate the notes and accounts mentioned therein. Under these circumstances, the period of seven months did not make its execution so remote as to destroy its character as such proof. Appellant introduced no competent evidence of any kind to overcome it. One note for $10,000 listed in the schedule, executed by one Maurice McCarthy, he claims as his own by reason of it being a gift to him by his mother before her death. This note was deposited in the Corn Belt Bank at Bloomington as collateral for money borrowed by him personally from the bank. There was no evidence of any kind that this note was a gift to him from his mother except that he claims the same to be such in an answer filed by him to the petition for citation. This answer was not evidence of such fact. No formal pleadings are necessary or required in proceedings of this character. *Martin v. Martin,* 170 Ill. 18; *Kepple v. Crabb,* 152 Ill. App. 149. Appellant, unless called upon by the court to testify, was incompetent as a witness in his own behalf. *Wade v. Pritchard,* 69 Ill. 279; *Merchants' Loan & Trust Co. v. Egan,* 222 Ill. 494. He could not introduce self-serving evidence by way of an answer to the petition. On account of his occupying this fiduciary and confidential relation with his mother, there was a presumption against the validity of the gift, and the burden was on him to prove good faith, full knowledge and independent action on the part of the donor. *Gilmore v. Lee,* 237 Ill. 402.

It is insisted also that even if the evidence did not establish this note to be a gift, yet the fact that it was deposited in the bank as collateral showed that it was not in his possession at the time of his mother's death

and he was not required to list it in the inventory. This contention cannot be sustained. The note was an asset of the estate, and appellant cannot be heard to say that because he assigned it to the bank as collateral for his own indebtedness he is thereby excused from inventorying it. It was in his possession within the meaning of the statute.

Another note for the principal sum of $1,100, called the Charles P. Lippe note, requires mention. On the trial of this cause in the County Court appellant was called by the court as a witness. A part of appellant's testimony given on the hearing in the County Court was introduced by the petitioner on the trial in the Circuit Court. Only such part was introduced, however, as related to the facts as to who composed the firm of D. B. Harwood & Company, and that appellant had said power of attorney from his mother and made investments and loans generally with her money in his own name. Counsel for appellant thereupon attempted to introduce all the rest of the testimony given by appellant in that court. Objections were properly sustained to a large portion thereof, but, over objection, the Circuit Court admitted the following testimony given by appellant in the County Court:

"Q. Now, you were asked about the Lippe note.

A. Yes, sir.

Q. Which you say was traded on the Normal deal?

A. Yes, sir.

Q. That had been traded off at the time you made this statement?

A. Yes, sir."

It is insisted that this evidence shows that appellant should not be charged with this note. The court erred in admitting this evidence, and as the note is ordered to be inventoried, it is evidence that the court considered the testimony incompetent. In this connection it is insisted that by introducing a portion of appellant's testimony given by him in the County Court,

he was thereby made a witness by petitioner, and that all the testimony given by him in such court thereupon became competent. The evidence given by appellant in the County Court, introduced by the petitioner, was received upon the theory that it was an admission and is to be treated as such, and any evidence given by him in that court pertaining to the subject-matter of that part introduced would be competent. But by introducing certain parts of his testimony there taken, he was not thereby called as a witness by the adverse party, and his incompetency, other than as to the subject-matter of the evidence introduced by the petitioner, was not affected. *Merchants' Loan & Trust Co. v. Egan, supra.* The evidence of appellant in the County Court introduced on the trial in the Circuit Court was confined substantially to the matters hereinabove mentioned and did not pertain to the Lippe note nor to any other particular note.

It is claimed in the argument that the schedule made by appellant was simply a copy of the books of D. B. Harwood & Company; that they were incorrect, were partly kept by the father in his lifetime; that appellant did not in fact have in his possession at the time of the mother's death any of the notes mentioned, except those set forth in the inventory filed by him. There is no competent evidence of these facts. Appellant did not introduce nor offer to introduce the books in question. He did not introduce nor offer to introduce any evidence whatever in regard to any one of the disputed items except the incompetent evidence of his own testimony taken in the County Court. He did not introduce nor offer to introduce the evidence of the maker of any one of the notes in question nor of any other person, to show whether it had been paid or traded off for other property, or any other disposition of it. A few of the notes he claims he did not inventory because they were secured by mortgages and the

mortgages were in process of foreclosure, but no court proceedings were introduced to show that such were the facts, and even if they were, he would not thereby be excused from listing them as the property of the estate. Other notes he did not inventory because he claims they had been reduced to judgments, but no records of such judgments were offered in evidence.

If these notes and accounts were not in his possession at the time he made the schedule and at the time of his mother's death, or if any of them were not in fact the property of his mother's estate, it is highly improbable that such facts could not have been proven by competent evidence, and the prima facie case made by the schedule rebutted.

Error is assigned as to the holding of the court upon certain propositions of law submitted. Courts are not called upon to pass upon propositions of law in actions of this character, and no error can be assigned thereon. We find no reversible error, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*