**Joseph W. Maple, Administrator, Appellee, v. Stephen G. Lawhun, Appellant.**

**Gen. No. 6,175.    (Not to be reported in full.)**

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

### Statement of the Case.

Proceedings by citation under section 81 of the Administration Act (J. & A. ¶ 130), by Joseph W. Maple, as administrator of the estate of Margaret M. Hemmerly, deceased, petitioner, against Stephen G. Lawhun, respondent. From an order against respondent on his appeal to the Circuit Court from the Probate

Court and a trial there *de novo,* requiring him to turn over to the administrator a certain fund of $4,000, derived from the sale of certain securities, with certain interest charges thereon, and a certain note, executed by David Slaman, for $6,395 and a mortgage securing the same, and certain interest charges in connection therewith, respondent appeals.

Weil & Bartley, for appellant.

Tichenor, Todd & Wilson, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

## Abstract of the Decision.

1. Evidence, § 35*—*when possession is proof of title.* As a general rule the possesion of personal property is proof of title.

2. Executors and administrators, § 97*—*when burden of proof upon confidential agent to show right to personalty in his possession after death of owner.* A confidential agent of the owner of personal property who has lawful access thereto and abundant opportunity to transfer it to his possession without the knowledge of the owner, and has possession of the property after the death of the owner, is required to assume the burden of establishing as a defense that he came by such property in good faith in proceedings by citation under the Administration Act (J. & A. ¶ 130).

3. Executors and administrators, § 97*—*when evidence sufficient to show fiduciary relation.* In proceedings by citation under the Administration Act, sec. 81 (J. & A. ¶ 130), for the discovery of concealed effects of a decedent alleged to be in possession of respondent, evidence *held* sufficient to show the existence of a fiduciary relation between decedent and respondent.

4. Executors and administrators, § 97*—*when evidence sustains finding that respondent did not make expenditures out of own or borrowed funds.* In proceedings by citation under the Administration Act, sec. 81 (J. & A. ¶ 130), for the discovery of concealed effects of a decedent alleged to be in possession of respondent, evidence *held* sufficient to sustain a finding that respondent did not expend money for the building of a house for decedent, for which he claimed the right to certain securities belonging to decedent in payment, out of his own or borrowed funds.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. EXECUTORS AND ADMINISTRATORS, § 97*—*when evidence sufficient to show that note belonging to decedent not given in payment for services.* In proceedings by citation under the Administration Act, sec. 81 (J. & A. ¶ 130), for the discovery of concealed effects of a decedent alleged to be in possession of respondent, evidence *held* sufficient to sustain a finding that a note belonging to decedent was not given to respondent in payment for alleged services.