## William C. Bates et al., Executors, Appellees, v. Edward C. Lutz, Appellant.

1. EXECUTORS AND ADMINISTRATORS, § 92*—*what is effect of proceedings to discover property.* Under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), the representatives of an estate may hail into court persons in whose hands there is supposed to be property belonging to the estate and interrogate them, and if it is disclosed that they have property belonging to the estate to which they do not claim ownership, they may be compelled to surrender it; but if they claim ownership of such property the probate court has no jurisdiction under said sections to try the question of title or to determine to whom the property belongs.

2. EXECUTORS AND ADMINISTRATORS, § 92*—*when jury trial is proper.* When the question of title is involved in a proceeding under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), giving power to the probate court to hail into court persons in whose hands there is supposed to be property and interrogate them, the parties are entitled to have a jury, unless a trial by jury is waived, and there is no provision of law by which a jury can be called under such sections.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded with directions. Opinion filed October 27, 1920.

C. EVERETT SMITH and COVEY & WOODS, for appellant.

HAROLD F. TRAPP and MILLER & MILLER, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellees as executors of the last will and testament of Erastus W. Bates, deceased, filed a petition in the probate court of Logan county under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), in which it is averred that the petitioners believe that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appellant has in his possession a large number of shares of the capital stock of certain corporations that stand in his name on the books of the corporations, but which in fact belonged to the deceased at the time of his death and now belong to his estate, and that appellant wrongfully refuses to turn the same over to the estate. The prayer of the petition is that appellant be required to assign all of such shares to appellees as executors of said estate.

Appellant by his answer set up title to the shares of stock in himself and denies the jurisdiction of the probate court under sections 81 and 82 of the Administration Act to determine to whom such shares of stock belong. On appeal from the probate court the circuit court found the issues for the petitioners and that the shares of stock in question were the property of Erastus W. Bates, deceased, in his lifetime, and that they now belong to the estate, and ordered that the same be transferred to the estate.

The only question raised or argued in this court is whether the probate court and the circuit court on appeal from the probate court have any jurisdiction to try and determine the question of title to this property in a proceeding begun and conducted under sections 81 and 82 of the Administration Act.

In support of the affirmative of that proposition, appellees have cited numerous cases, all of which we have examined. What is really held in those cases may be digested as follows:

In *Bertolet v. Stoner*, 164 Ill. App. 605, which was an action under sections 81 and 82 of the Administration Act by an administrator for the recovery of a certificate of deposit from an adopted daughter of the deceased of whose estate appellant was administrator, the court tried the title to the certificate and found it was the property of the adopted daughter and the Appellate Court held that the trial court had ample authority in that proceeding to try the title and enter the order appealed from.

In *Wade v. Pritchard,* 69 Ill. 279, a proceeding was begun by citation under section 90 of the Statute of Wills to compel appellant to surrender some promissory notes to the administrator of an estate as the property of the estate. Section 90 of the Statute of Wills is not the statute under which the proceeding in this case was instituted. True, sections 81 and 82 of the Administration Act as adopted in 1872 and as amended in 1873 were undoubtedly passed as a substitute for section 90 of the Statute of Wills, but these provisions are not identical with section 90 of the Statute of Wills and are so far dissimilar as to make the construction of the one of doubtful aid in the construction of the others. If the construction of section 90 of the Statute of Wills is to be considered helpful in the construction of the statute here under consideration, then it should be noted that in the case of *Wade v. Pritchard* the court says, with reference to such section 90: "The remedy was cumulative to those (actions of detinue, trover and replevin), and the only change it intended to introduce from an ordinary trial involving the ownership of property was to enable the court to compel the person charged with having the property, to discover, on oath, whether he had property in his possession." Not to try the title of the property, but whether he had it in his possession.

In *Dinsmoor v. Bressler,* 164 Ill. 211, an attorney had been employed by an administrator to collect moneys, and had collected the same but refused to turn the same over to the administrator. In a proceeding under sections 81 and 82 of the Administration Act the attorney was cited into court and an order was eventually entered committing him to jail for failure to turn the same over. The Supreme Court reversed the order and held that the summary means provided by sections 81 and 82 of the Administration Act could not be availed of to collect moneys that had come into the hands of an attorney of the adminis-

trator, and *that those sections did not provide a means of trying contested rights or title between the executor and others;* that such a proceeding would be in violation of the constitutional rights of the parties to have a jury trial of controverted questions. The court there said, it may be true that an attorney who had collected money for the deceased in his lifetime and had embezzled the same may be proceeded against under sections 81 and 82. That statement was not necessary to the determination of the questions before the court and must be regarded as *obiter dicta.*

In *Martin v. Martin,* 174 Ill. 371, the proceeding was begun by petition by several executors to have the court try and determine who was the real owner of. certain notes held by *one of them* under claim of ownership, but which his coexecutors claimed belonged to the estate. What is said in the opinion has no bearing on the question involved in the case at bar.

In *Adams v. Adams,* 181 Ill. 210, ᐧ the question whether a trial of title to property could be had under sections 81 and 82 of the Administration Act is not involved.

In *Taylor v. Harmison,* 79 Ill. App. 380, while the title to property was adjudicated between persons interested in the estate and third persons upon a petition filed under sections 81 and 82 of the Administration Act, the controverted question was whether there had been a valid gift of the property in question by the deceased to the respondent in the petition. The question of jurisdiction was not raised, adjudicated or considered. This case is, therefore, not authority on those questions.

In *Rinard v. Lasley,* 143 Ill. App. 450, the same condition is found.

In *Wahl v. Jacobs,* 146 Ill. App. 71, the court expressly holds that the probate court *has* power to adjudicate titles in a proceeding begun under sections 81 and 82 of the Administration Act, and cites in sup-

port of such holding the case of *Wade v. Pritchard,* 69 Ill. 279, which, as already suggested, arose under section 90 of the Statute of Wills instead of section 81 of the Administration Act.

In *Day v. Bullen,* 226 Ill. 72, a petition was filed by a beneficiary under the will of Robert F. Bullen seeking to have a special administrator appointed to sue the executrix of the estate of the said Robert F. Bullen to recover for the estate certain shares of the capital stock of a corporation which the petitioners claimed belonged to the estate, but which the executrix refused to schedule as such, or, in the alternative, to have the said executrix cited into court and ordered to list the said shares of stock as the property of the testator. The prayer of the petition was granted and Edwin C. Day was appointed as such special administrator to sue in law or chancery for the recovery of the assets of the estate in the hands of the executrix and not listed as assets of the estate. A bill in chancery was filed for that purpose. To that bill the executrix in her individual capacity filed her answer claiming the shares of stock as her own. The court found the issues for her and dismissed the bill. On appeal to the Supreme Court the order of the circuit court dismissing the bill was affirmed, and the court took occasion in referring to sections 81 and 82 of the Administration Act to say: "Those sections of the statute authorize the probate court, upon a statement under oath being made by any person interested in the estate that any person has in his possession or has concealed or embezzled any goods, chattels, moneys or effects belonging to any deceased person, to require such person charged to appear before the court for a hearing, and to make such order in the premises as the case may require." The language there used is quite general and might be construed by itself as a holding that under those sections a probate court has jurisdiction to try title to property between the representatives of an estate and third persons, but such lan-

guage must be construed and understood in connection with the facts in the case the court had under consideration. The facts that the court had under consideration when that language was used were that *an executrix* was charged with having in her possession and refusing to list as property of the estate stocks that in fact belonged to it. Under that state of facts it is conceded those sections provide ample jurisdiction in the probate court to determine, adjudicate and enforce the rights of the parties.

In *Jennings v. Neville,* 180 Ill. 270, the question litigated was whether a certain state of facts constituted a good gift of certain personal properly *inter vivos.* The question of the power of the probate court to try titles in a proceeding instituted under sections 81 and 82 of the Administration Act was not considered by the court.

In *Harwood v. Harwood,* 193 Ill. App. 514, the action *was against an executor* of an estate to compel him to schedule certain property mentioned as assets of the estate. There is no question of title involved and the opinion in no way concerns the right of the court to try titles of property between the estate and third persons, and is, therefore, not authority in the case at bar.

In *Maple v. Lawhun,* 200 Ill. App. 258, there is an abstract opinion from which it appears that a proceeding under section 81 of the Administration Act was begun for the purpose of discovery of concealed effects and not for the purpose of trying title to the property in question, and is not in point on that question.

*Martin v. Martin,* 170 Ill. 18, was a proceeding against an executrix to compel her to surrender to the estate of which she was one of the executors, and list as property of the estate certain bonds, notes, mortgages, etc., in her possession which it was claimed belonged to the estate. The court there holds that the title to property between the representatives of estates

and third persons *cannot* be tried or determined in proceedings conducted under the provisions of sections 81 and 82 of the Administration Act, but that *executors might in such a proceeding be ordered to deliver up property of the estate held by them and the order enforced by imprisonment if necessary.*

Of all the cases relied on by appellee but two of them sustain his position, viz., *Bertolet v. Stoner,* 164 Ill. App. 605, and *Wahl v. Jacobs,* 146 Ill. App. 71; while three of them, viz., *Dinsmoor v. Bressler,* 164 Ill. 211, *Day v. Bullen,* 226 Ill. 72, and *Martin v. Martin,* 170 Ill. 18, expressly hold that the probate court cannot in proceedings like the one at bar try titles, and the balance of the cases cited are silent on that question.

On the other hand, in the late case of *Moore v. Brandenburg,* 248 Ill. 232, cited by appellant, the *Bressler* and the *Martin* cases are reviewed, sustained and followed, and other cases are cited to the same effect. The *Brandenburg* case is, so far as we are aware, the last expression of the Supreme Court on the subject, and we regard it as conclusive as to the question here involved.

After a careful consideration of all the authorities cited by the respective parties, we conclude that the representatives of an estate may, under the provisions of sections 81 and 82 of the Administration Act hale into the probate court persons in whose hands there is supposed to be property belonging to the estate and interrogate them in regard to that subject, and if it is disclosed that they have property in their hands belonging to such estate to which they do not lay claim of ownership, such persons may be compelled in that proceeding to surrender the same to the representatives of the estate; but if such persons do claim to be the owners of the property in controversy the probate court has no jurisdiction in proceedings conducted under the sections referred to, to try the question of title or to determine to whom it belongs. When the question

of title is involved the parties are entitled to have the facts determined by a jury. Any proceeding by which that question should be determined without a jury would be an infringement of the constitutional rights of the parties, unless trial by jury was waived, and there is no provision of law by which a jury can be called in proceedings under the sections referred to.

In this case the only question in controversy was as to who was the owner of the property in question. It follows that it was error for the trial court to try the issues involved in the then pending proceeding and enter the decree appealed from. The decree of the circuit court is therefore reversed, and as there is no discovery sought but only the question of title to the property in controversy is involved, the cause will be remanded with directions to dismiss the petition.

*Reversed and remanded with directions.*