The People of the State of Illinois ex rel. Minnie C. Deane, Administratrix of the Estate of John M. Deane, Deceased, Appellee, v. Fort Dearborn Trust & Savings Bank of Chicago, Appellant.

Gen. No. 7,309.

1. ESTATES OF DECEDENTS—*jurisdiction to try title in summary proceeding to recover assets.* In a summary proceeding under Cahill's Ill. St. ch. 3, ¶¶ 82, 83, by an administratrix against a bank for the recovery of bonds which her intestate had pledged with the bank as collateral security for a note, after payment thereof by the administratrix, the court had no jurisdiction to try title to such bonds without a jury, a third person having claimed them of the bank as his property and not that of decedent, and summarily ordered the bank to turn the bonds over to plaintiff within a specified time.

2. ESTATES OF DECEDENTS—*possession of assets by defendant as requisite to recovery thereof by summary proceeding.* It was error for the trial court, in a summary proceeding by an adminis-

tratrix under Cahill's Ill. St. ch. 3, ¶¶ 82, 83, to recover from a bank bonds which had been pledged by her intestate with defendant as collateral security, to order the bank to surrender the bonds to plaintiff within ten days, where the petition did not allege that defendant had possession of the bonds at the date of the citation and there was no claim of concealment or embezzlement and the evidence shows that prior to the commencement of the proceeding the bonds had been claimed by a third person to whom they had been delivered by defendant in good faith prior to the date of the citation.

Appeal by defendant from the Circuit Court of Du Page county; the Hon. C. F. IRWIN, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed February 16, 1924. Rehearing denied April 2, 1924.

MONTGOMERY, HART & SMITH, for appellant.

SAMUEL J. HOWE, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

On November 8, 1920, John M. Deane died intestate at Wheaton, Illinois, and appellee, Minnie C. Deane, was appointed administratrix of his estate by the county court of Du Page county and she duly qualified. At the time of his death, Deane was indebted to appellant, the Fort Dearborn Trust & Savings Bank of Chicago, upon a promissory note for $8,000, collaterally secured by various bonds aggregating $12,500, and including two first mortgage bonds of the Ogden Gas Company, each of the par value of $1,000, and one bond of the Northwestern Gas Light & Coke Company of the par value of $500. Shortly after the death of Deane, Fred M. Blount, his brother-in-law, notified the bank that the two Ogden Gas bonds were his property and did not belong to Deane. The note became due May 2, 1921, and on May 11 was paid by Mrs. Deane. The bank did not, at that time, turn over to her any of the collateral held by it as security for the note. She made repeated demands for its delivery. The bank asked her to sign a written statement

to the effect that notice had been served on the bank by Blount that he was the owner of a part of the collateral, that the bank was authorized to hold the collateral for whomsoever might be entitled to receive it, that the bank should not be liable for so doing, and should have the first lien on the collateral for its expenses. Mrs. Deane refused to sign the document. Finally, on February 22, 1922, the bank turned over to her all of the collateral except the three bonds above described. On July 7, 1922, the bank delivered to Blount the two Ogden Gas bonds, and on July 17, 1922, Mrs. Deane filed her petition in the county court of Du Page county, under sections 81 and 82 of chapter 3 of the Statute [Cahill's Ill. St. ch. 3, ¶¶ 82, 83], asking for a citation against the bank to show cause why it should not turn over to her these three bonds. Upon a hearing on the petition the county court ordered the bank to turn over to Mrs. Deane the two Ogden Gas bonds, and the bank then offered to surrender to her the Northwestern Gas Light & Coke Company bond and that bond was delivered to Mrs. Deane. From this order the bank appealed to the circuit court where there was a hearing and finding in favor of the petitioner to the effect that she was entitled to the possession of all the collateral, that the bank had no title to the same, and the bank was ordered to surrender the two bonds to her within ten days. From that order this appeal is prosecuted.

On the hearing in the circuit court the bank offered to prove that there had been a petition for a citation in the county court of Du Page county in 1921, and the vice president of the bank had testified, but there was no record of any order in that proceeding. Also that on May 25, 1922, the appellee began an action of replevin against appellant in the municipal court of Chicago to recover the two Ogden Gas bonds, which suit was dismissed upon stipulation on July 7, 1922, and on the same date the bank delivered the two

bonds to Blount. Blount offered proof that he owned the two Ogden Gas bonds, that Deane, during his lifetime, had delivered to Blount the coupons representing the semi-annual interest, which coupons Deane had clipped from the bonds after he had borrowed them from Blount to put up as collateral security. Blount attempted to offer in evidence the stubs of his check book showing entries in his handwriting of the receipt of the interest coupons from Deane and the deposit of them in the bank to the credit of Blount. All of this evidence was excluded by the court.

The question for determination on this appeal is whether or not the trial court properly ordered the appellant to surrender the two bonds to appellee. Section 81, ch. 3, provides in substance, so far as it is applicable to the facts in this case, that if any administrator shall upon oath state to any county court that he believes that any person has in his possession, or has concealed or embezzled any goods, or has knowledge of any property whatsoever belonging to any deceased person, of which the administrator is ignorant, and refuses to disclose it, the court shall require such person to appear before it by citation. Section 82 provides that if such person refuses to answer proper interrogatories on such inquiry, or refuses to deliver up such property, or in case the same has been converted, the proceeds or value thereof, upon a requisition being made for that purpose by order of the court, such court may commit such person to jail until he shall comply with the order of the court.

These sections have been construed on many occasions. It has been held that their purpose is to afford a summary method by which persons interested in an estate may speedily secure possession of the assets of the estate from those who improperly refuse to surrender them. The remedy is cumulative with detinue, trover and replevin. *Wahl v. Jacobs*, 146 Ill. App. 71. The sections, however, do not confer authority on

the county court under any and all circumstances to order property turned over to the estate. The sections must be construed in accordance with the meaning of the language used, and must not be interpreted so as to interfere with the constitutional rights of the parties. A failure to comply with any order made renders the defendant liable for contempt of court and it has been held that he ought to be permitted to purge himself of such contempt, if any, by his answer. *Buck v. Buck,* 60 Ill. 105; *Dinsmoor v. Bressler,* 164 Ill. 211. The representative of an estate under these sections may cite into the county court persons in whose hands there is supposed to be property belonging to the estate and interrogate them in regard to that subject. If it is disclosed that they have property in their hands to which they do not lay claim of ownership, such person may be compelled to surrender the same; but if such person claims to be the owner, the court has no jurisdiction to try the question of title, or to determine to whom the property belongs. When the question of title is involved, the parties have the right to have the facts determined by a jury. Any proceeding by which that question could be determined without a jury would be an infringement of the constitutional rights of the parties, unless a trial by jury was waived, and there is no provision under these sections of the statute for a trial by jury. *Moore v. Brandenburg,* 248 Ill. 232; *Day v. Bullen,* 226 Ill. 72; *Martin v. Martin,* 170 Ill. 18; *Dinsmoor v. Bressler,* 164 Ill. 211; *Bates v. Lutz,* 220 Ill. App. 54; *Hicks v. Monahan,* 209 Ill. App. 516; *Hays v. State Bank of Saybrook,* 202 Ill. App. 535; *Rone v. Robinson,* 188 Ill. App. 438.

The language of section 81 is that if a person interested in an estate "shall state upon oath to any county court that he believes that any person has in possession, or has concealed or embezzled any goods," etc. It is necessary under these provisions that the person cited shall have the property in his possession,

114     Appellate Courts of Illinois.

The People v. Ft. Dearborn T. & S. Bk. of Chicago, 232 Ill. App. 109.

or have it concealed, or has embezzled it. In the petition filed in this case there is no allegation that, at the time the petition was filed, appellant had the possession of these two bonds, and the evidence does not show that the appellant had the bonds in its possession on that date. On the contrary, the evidence shows the bonds were surrendered to Blount on July 7, by the bank, and the petition was not filed until July 17. There is no claim that appellant concealed or embezzled the bonds, but, on the contrary, the evidence shows the bank had been informed by Blount that he owned the bonds, and for that reason the bank was in doubt as to the person entitled to the possession. The bank did not attempt to conceal the bonds or its reasons for not surrendering them. If the bank, in good faith, before the citation was issued, turned the bonds over to Blount under the honest belief that he was the owner, it would not be liable under section 81 and could not be punished for contempt of court under section 82. This of itself would be sufficient to defeat the prayer of the petitioner in this case. In addition to this fact it appears that the question of title to these bonds was involved, and under the repeated decisions construing these sections, that question could not be tried in this proceeding either between the appellee and the appellant, or between the appellee and Blount. The law affords ample remedy to the parties, under the facts, in a tribunal having jurisdiction of all the parties and of the subject-matter in controversy. Section 82 has no application to the facts here presented and the trial court was in error in entering the order requiring appellant to surrender the bonds to appellee.

For these reasons the judgment will be reversed and the case remanded.

*Reversed and remanded.*